AO 241
(Rev. 10/07)



# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: 22nd Judicial, Parish of St. Tammany |
|---|---|
| Name (under which you were convicted): Carl Duperon | Docket or Case No.: # 509240 |
| Place of Confinement: Dixon Correctional Institute | Prisoner No.: 101335 |
| Petitioner (include the name under which you were convicted) Carl Duperon | v. Respondent (authorized person having custody of petitioner) Warden, Darrel Vannoy |
| The Attorney General of the State of Louisiana | |

14-323
SECT. B MAG. 4

TENDERED FOR FILING
FEB 10 2014
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
Division - J
22 Judicial District
Parish of St. Tammany

(b) Criminal docket or case number (if you know): # 509240

2. (a) Date of the judgment of conviction (if you know): February 14 2012

(b) Date of sentencing: Petitioner don't know sentencing date, transcripts show it

3. Length of sentence: 12 years hard labor

4. In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☑ No

5. Identify all crimes of which you were convicted and sentenced in this case: Just one, aggravated arson

6. (a) What was your plea? (Check one)

☑ (1) Not guilty ☐ (3) Nolo contendere (no contest)
☐ (2) Guilty ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? NONE

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: FIRST CIRCUIT COURT OF APPEAL

(b) Docket or case number (if you know): 2012 KA 0810

(c) Result: AFFIRMED

(d) Date of result (if you know): DEC. 21, 2012

(e) Citation to the case (if you know):

(f) Grounds raised:

APPELLATE ATTORNEY SAID THAT SHE COULD'NT GET PETITIONERS TRANSCRIPTS, APPELLATE WAS ABLE TO ONLY FILE ON THE GROUNDS OF MOTION TO SUPPRESS EVIDENCE WHICH WAS SEIZED WITHOUT A WARRANT WHEN OFFICERS CONDUCTED A TRAFFIC STOP. AND CLERK OF COURT FAILED TO GIVE PETITIONER AND APPELLATE A COPY OF THE TRIAL TRANSCRIPTS SO THAT APPELLATE COULD FILE APPEAL AND PETITIONER A PRO SE BRIEF.

(g) Did you seek further review by a higher state court? ☐ Yes ☑ No

If yes, answer the following:

(1) Name of court: NONE

(2) Docket or case number (if you know): NONE

(3) Result: NONE

(4) Date of result (if you know): NONE

(5) Citation to the case (if you know):

(6) Grounds raised: NONE

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): NONE

(2) Result: NONE

(3) Date of result (if you know): NONE

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☐ Yes ☑ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: NONE

(2) Docket or case number (if you know): NONE

(3) Date of filing (if you know): NONE

(4) Nature of the proceeding: NONE

(5) Grounds raised: NONE

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑ No

(7) Result: NONE

(8) Date of result (if you know): NONE

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: NONE

(2) Docket or case number (if you know): NONE

(3) Date of filing (if you know): NONE

(4) Nature of the proceeding: NONE

(5) Grounds raised: NONE

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑ No

(7) Result: NONE

(8) Date of result (if you know): NONE

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: NONE

(2) Docket or case number (if you know): NONE

(3) Date of filing (if you know): NONE

(4) Nature of the proceeding: NONE

(5) Grounds raised: NONE

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑ No

(7) Result: NONE

(8) Date of result (if you know): NONE

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☐ Yes ☑ No

(2) Second petition: ☐ Yes ☑ No

(3) Third petition: ☐ Yes ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
PETITIONER DID'N HAVE ENOUGH TIME TO FILE THE APPLICATION FOR WRIT, APPELLATE SAID IN A JUDGEMENT LETTER THAT THEY COULD'N HELP PETITIONER IN THE NEXT STEP TO THE SUPREME COURT. PETITIONER IS SENDING A COPY OF THAT LETTER SHOWING THE COURT THE FACTS. ALSO PETITIONER WAS HOSPITALIZE FOR EACH JUDGEMENT, PRISON RECORDS WILL SHOW THIS.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
(1.) PETITIONER SHOW AND IDENTIFY SPECIFICITY THE CHALLENGES IN APPEAL PRO SE BRIEF APPLICATION AND POST CONVICTION APPLICATION THAT INVESTIGATIONS WOULD HAVE REVEALED A DIFFERENT OUTCOME IN TRIAL (2) INEFFECTIVE COUNSEL, IN APPEAL WAS'N MERELY RELYING ON CONCLUSORY ALLEGATIONS, WHEN PRO SE BRIEF AND POST-CONVICTION SHOW ALL OF THE FACTS. PETITIONER ALSO SHOW AND PROVE THE BURDEN OF PROVING THAT COUNSELS WAS INEFFECTIVE, SENDING ATTACHMENTS TO PROVE THESE FACTS (3) THE LETTER ATTACHED TOO THE POST-CONVICTION APPLICATION SHOW THAT APPELLATE COUNSEL DID'N HAVE TRANSCRIPTS TO PREPAR APPEAL. THEREFORE, THEIR ARE MERITS IN GETTING PETITIONER TRANSCRIPTS, SO INEFFECTIVE APPELLATE COUNSEL DO HAVE MERITS, PRO SE AND POST-CONVICTION APPLICATION SHOW THIS FACT (4) THE COURT FOR POST-CONVICTION SAID THAT CLERK OF COURT NOT GETTING TRANSCRIPTS IS NOT AN APPROPRIATE BASIS FOR POST-COUNSEL RELIEF WHEN IT IS A FACT THAT PETITIONER AND APPELLATE COUNSEL NEEDED TRANSCRIPTS TO FILE APPEAL AND PRO SE BRIEF APPLICATION, THE COURT OF APPEAL DENIED OVER ALL THESE FACTS.

(b) If you did not exhaust your state remedies on Ground One, explain why:
30 DAYS WAS NOT ENOUGH TIME FOR PETITIONER TO FILE APPLICATION FOR WRITS TO THE SUPREME COURT, BECAUSE APPELLATE COUNSEL STATED IN A LETTER ON 12/24/13 THAT THEY PROFESSIONAL OPINION IS THAT APPLICATION FOR WRIT WOULD NOT BE GRANTED BASED ON THE SUPREME COURT RULES. SO PETITIONER HAD TO FIND OUT INFORMATION HOW TO FILE TO THE SUPREME COURT. WHEN PETITIONER GOT THE INFORMATION PETITIONER NEEDED IT WAS TOO LATE, PETITIONER ALSO LETING THE COURT KNOW THAT EACH TIME PETITIONER RECEIVED JUDGEMENTS PETITIONER WAS ON THE PRISON INFIRMARY WARD ILL, THE COURT MIGHT NEED A COURT ORDER TO GET THIS INFORMATION FROM THE PRISON.

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: RAISED, SEE PRO SE BRIEF PETITION

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: POST CONVICTION WITH A PRO SE BRIEF PETITION

Name and location of the court where the motion or petition was filed:
DIVISION-J
22ND JUDICIAL DISTRICT
PARISH OF ST. TAMMANY
P.O. BOX 1090
COVINGTON, LA. 70434

Docket or case number (if you know): # 509240

Date of the court's decision: AUGUST 14, 2013

Result (attach a copy of the court's opinion or order, if available): THE CLAIMS HAD NO MERITS, SENDING COPYS

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

Docket or case number (if you know): 2012 KA 0810

Date of the court's decision: DECEMBER, 21 2012

Result (attach a copy of the court's opinion or order, if available): THE COURT SAID THAT ASSIGNMENTS OF ERROR ARE WITHOUT MERITS, A COPY IS BEING SENT

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
30 DAYS WAS'N ENOUGH TIME FOR PETITIONER TO GET THE INFORMATION PETITIONER NEEDED TO FILE ON, APPELLATE COUNSEL COULD'N HELP PETITIONER ANYMORE. APPEAL STATED IN HER LETTER, SEE COPY

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: NONE

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): NONE

(b) If you did not exhaust your state remedies on Ground Two, explain why: NONE

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: RAISED, SEE PRO SE BRIEF PETITION

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state: PETITIONER RAISED INEFFECTIVE TRIAL AND APPELLATE COUNSEL FOR APPEAL.

Type of motion or petition: POST CONVICTION AND PRO SE BRIEF PETITION.

Name and location of the court where the motion or petition was filed:
DIVISION - J — P.O. BOX 1090
22nd JUDICIAL DISTRICT — COVINGTON, LA 70434
PARISH OF ST. TAMMANY

Docket or case number (if you know): # 509240

Date of the court's decision: AUGUST 14, 2013

Result (attach a copy of the court's opinion or order, if available): ASSIGNMENT OF ERROR ARE WITHOUT MERITS.

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: NONE

Docket or case number (if you know): NONE

Date of the court's decision: NONE

Result (attach a copy of the court's opinion or order, if available): NONE

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: NONE

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you : NONE have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): NONE

(b) If you did not exhaust your state remedies on Ground Three, explain why? NONE

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: RAISED

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: POST CONVICTION, AND PRO SE BRIEF PETITION

Name and location of the court where the motion or petition was filed:
DIVISION - J P.O. BOX 1090
22ND JUDICIAL DISTRICT COVINGTON, LA 70434
PARISH OF ST. TAMMANY

Docket or case number (if you know): # 509240

Date of the court's decision: AUGUST 14, 2013

Result (attach a copy of the court's opinion or order, if available): THE CLAIMS HAD NO MERITS

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☑ No

(6) If your answer to Question (d)(4) is "Yes," state: NONE

Name and location of the court where the appeal was filed: NONE

Docket or case number (if you know): NONE

Date of the court's decision: NONE

Result (attach a copy of the court's opinion or order, if available): NONE

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: PETITIONER didn't HAVE ENOUGH TIME, APPELLATE COUNSEL said SHE COULDN HELP ME ANYMORE, SO PETITIONER RAN OUT OF TIME.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: NONE

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): NONE

(b) If you did not exhaust your state remedies on Ground Four, explain why: Did'n HAVE ENOUGH TIME

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: RAISED, SEE PRO SE BRIEF

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state: PETITIONER RAISED INEFFECTIVE TRIAL AND APPELLATE COUNSEL FOR APPEAL.

Type of motion or petition: POST-CONVICTION, AND PRO SE BRIEF PETITION.

Name and location of the court where the motion or petition was filed:
Division-J P.O. Box 1090
22nd Judicial District Covington, LA. 70434
Parish of St. Tammany

Docket or case number (if you know): #509240

Date of the court's decision: August 14, 2013

Result (attach a copy of the court's opinion or order, if available): The Claims Had No Merits.

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: None

Docket or case number (if you know): None

Date of the court's decision: None

Result (attach a copy of the court's opinion or order, if available): None

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: None

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: None

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☐ Yes ☑ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: Didn HAVE TIME TO PRESENT ALL OF THE REMEDIES, PETITIONER 30 DAYS RAN OUT TRYING TO PRESENT THE REMEDIES.

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them: NONE

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. NONE

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised. NONE

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: MICHAEL CAPDEBOSCA, 32ND JUDICIAL DISTRICT COURT DIVISION B

(b) At arraignment and plea: MICHAEL CAPDEBOSCA

(c) At trial: MICHAEL CAPDEBOSCA

(d) At sentencing: MICHAEL CAPDEBOSCA

(e) On appeal: BERTHA M. HILLMAN, 410 ST. PHILLIP ST. SUITE A, THIBODAUX, LA. 70301

(f) In any post-conviction proceeding: NONE

(g) On appeal from any ruling against you in a post-conviction proceeding: NONE.

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: NONE

(b) Give the date the other sentence was imposed: NONE

(c) Give the length of the other sentence: NONE

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☑ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* NONE

CARL DUPERON

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: A HEARING FOR EVIDENCE THAT WAS'N TESTED, AND A NEW TRIAL.

or any other relief to which petitioner may be entitled. THAT THE COURT LOOK AT THIS PETITION REAL CARE-FULLY.

NONE

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 1-9-14 (month, date, year).

Executed (signed) on 1-9-14 (date).

Paul Duperon

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

POST-CONVICTION APPLICATION

APPENDIX "A" -- UNIFORM APPLICATION FOR POST-CONVICTION RELIEF

## UNIFORM APPLICATION FOR POST-CONVICTION RELIEF

CARL DUPERON
NAME OF PETITIONER

No. ____________________
(to be filled in by the clerk)

1D1335
PRISON NUMBER

22 ND JUDICIAL DISTRICT

DIXON CORRECTIONAL INSTITUTE
PLACE OF CONFINEMENT

PARISH OF ST. TAMMANY

STATE OF LOUISIANA

TENDERED FOR FILING

FEB 10 2014

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

VS.

STEVE RADER WARDEN, ET. AL
CUSTODIAN (Warden, Superintendent, Jailor, or authorized person having custody of petitioner)

Please Serve CUSTODIAN and ___, DISTRICT ATTORNEY, 22 ND JUDICIAL DISTRICT, STATE OF LOUISIANA.

### INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly written or typed, signed by the petitioner and sworn to before a notary public or institutional officer authorized to administer an oath. Any false statement of a material fact may serve as the basis for a criminal prosecution. All questions must be answered concisely in the proper space on the form. Additional pages are not permitted except with respect to the facts which you rely upon to support your claims for relief. No citation of authorities or legal arguments are necessary.

(2) Only one judgment may be challenged in a single petition except that convictions on multiple counts of a single indictment or information may be challenged in one petition.

(3) YOU MUST INCLUDE ALL CLAIMS FOR RELIEF AND ALL FACTS SUPPORTING SUCH CLAIMS IN THE PETITION.

(4) When the petition is completed, the original must be mailed to the clerk of the district court in the parish where you were convicted and sentenced.

(5) You must attach official documentation showing your sentence and the crime for which you have been convicted. You may obtain that documentation from the clerk of court of the district court of the parish where you were sentenced or from the institution where you are confined. If that documentation is not attached, you must allege what steps were taken to obtain it.

(6) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

PETITION

1. Name and location of court which entered the judgment of conviction challenged

22Nd Judicial District Court - Parish of St. Tammany

2. Date of judgment of conviction FEBRUARY, 12, 13, 14, 2012

3. Length of sentence 18 YEARS HARd LABOR

4. Nature of offense involved (all counts) ONE COUNT OF AGGRAVATEd ARSON

5. What was your plea? (check one)

(a) Not guilty (✓)

(b) Guilty ( )

(c) Not guilty and not guilty by reason of insanity ( )

If you entered a guilty plea to one or more counts and not guilty to other counts, give details

Did'N PLEA Guilty

(d) Name and address of the lawyer representing you at your plea (if you had no lawyer, please indicate)

Michael Capdebosca 22Nd Judicial District Court Division J,

(e) Was the lawyer appointed ( ) or hired ( )? (check one)

6. Kind of trial: (check one)

(a) Jury (✓)

(b) Judge only ( )

7. (a) Name and address of the lawyer representing you at your trial:

Michael Capdebosca 22Nd Judicial District Court Division J,

(b) Was the lawyer appointed (✓) or hired ( )? (check one)

8. Did you testify at the trial? Yes ( ) No (✓)

9. (a) Give the name and address of the lawyer who represented you at sentencing for the conviction being attacked herein. Michael Capdebosca 22Nd Judicial District Court Division J,

(b) Was the lawyer appointed (✓) or hired ( )? (check one)

10. Did you appeal from the judgment of conviction? Yes (✓) No ( )

11. If you did appeal, give the following information:

(a) Citation, docket number, and date of written opinion by the Supreme Court (if known)

2012 KA 0810 Dec. 21 2012 (Court of Appeals)

(b) Name and address of lawyer representing you on appeal:

BERTHA M. HILLMAN 410 ST. PHILLIP ST. SUITE A, THIBODAUX, LA 70301

(c) Was the lawyer appointed (✓) or hired ( )? (check one)

12. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any application for post-conviction relief with respect to this judgment in any state or federal court? Yes ( ) No (✓)

13. If your answer to 12 is "yes", give the following information:

(a)(1) Name of court NONE

(2) Nature of proceeding NONE

(3) Claims raised NONE

(4) Did you receive an evidentiary hearing on your application? Yes ( ) No (✓)

(5) Was relief granted or denied? NO

(6) Date of disposition NONE

(7) Citation of opinion (if known) NONE

(8) Name and address of lawyer representing you [if none, so state]:

NONE

(9) Was the lawyer appointed ( ) or hired ( )? (check one)

(b) As to any second application give the same information:

(1) Name of court NONE

(2) Nature of proceeding NONE

(3) Claims raised NONE

(4) Did you receive an evidentiary hearing on your application?

Yes ( ) No (✓)

(5) Was relief granted or denied? NO

(6) Date of disposition NONE

(7) Citation of opinion (if known) NONE

(8) Name and address of lawyer representing you [if none, so state]:

NONE

(9) Was the lawyer appointed ( ) or hired ( )? (check one)

(c) Have you filed any other applications for post-conviction relief with respect to the challenged conviction? Yes ( ) No (✓)

If "yes", set forth the details (as above) on separate paper and attach.

(d) Did you appeal or seek writs of review from the denial of any post-conviction application?

(1) First petition, etc. Yes ( ) No (✓)

(2) Second petition, etc. Yes ( ) No (✓)

(e) If you did not appeal or seek writs from the denial of any post-conviction application, explain briefly why you did not:

PETITIONER NEVER FILED ANY OTHER POST-CONVICTION, THIS IS MY FIRST

(f) Name of the lawyer who represented you on appeal from the denial of any post-conviction application [if none, so state]:

(1) First petition NONE

(2) Second petition NONE

## CLAIMS FOR RELIEF

State concisely facts supporting your claim that you are being held unlawfully. If necessary, you may attach extra pages stating additional claims and supporting facts. Do not argue points of law.

The following is a list of those claims, and only those claims, that may provide you with grounds for relief:

(1✓) Your conviction was obtained in violation of the constitution of the United States or the State of Louisiana;

(2) The court exceeded its jurisdiction;

(3) Your conviction or sentence subjected you to double jeopardy;

(4) The limitations on prosecution had expired;

(5) The statute creating the offense for which you were convicted and sentenced is unconstitutional;

(6) The conviction or sentence constitute the ex post facto application of law in violation of the Constitution of the United States or the State of Louisiana.

A REMINDER: THE ABOVE LIST CONTAINS ONLY THOSE CLAIMS THAT YOU MAY RAISE FOR RELIEF. YOU MUST SET FORTH ALL OF YOUR COMPLAINTS ABOUT YOUR CONVICTION IN THIS APPLICATION. YOU MAY BE BARRED FROM PRESENTING ADDITIONAL CLAIMS AT A LATER DATE. Remember that you must state the FACTS upon which your complaints about your conviction are based. MERE CONCLUSORY ALLEGATIONS WILL NOT SUFFICE.

## REPETITIVE APPLICATIONS

The above claims may not provide grounds for relief if any of the following applies to you:

(1) Unless required in the interest of justice, any claim for relief which you fully litigated in an appeal shall not be considered.

(2) Any claim of which you had knowledge and inexcusably failed to raise in the proceeding leading to conviction may be denied by the court.

(3) Any claim which you raised in the trial court and inexcusably failed to pursue on appeal may be denied by the court.

(4) A successive application may be dismissed if it fails to raise a new or different claim.

(5) A successive application may be dismissed if it raises a new or different claim that was inexcusably

omitted from a prior application.

This application will provide space for you to explain the reasons why you failed to raise your claims ir he proceedings leading to conviction, or failed to urge the claim on appeal, or failed to include the claim in a prior application.

CLAIM I

Claim:
CONSIDER INEFFECTIVE TRIAL ATTORNEY BY FAILING TO ADEQUATELY REPRESENT PETITIONER.

(a) Supporting FACTS (tell your story briefly without citing cases or law):
TRIAL ATTORNEY FAIL TO ATTACK DENIAL FOR MOTION TO SUPPRESS EVIDENCE. SEE ATTACHMENT

(b) List names and addresses of witnesses who could testify in support of your claim. If you cannot do so, explain why:
PETITIONER DON'T HAVE ANY WITNESSES IN PETITIONER BEHALF, JUST THE COURT RECORDS.

(c) If you failed to raise this ground in the trial court prior to conviction, on appeal or in a prior application, explain why: BOTH TRIAL AND APPELLATE WAS INEFFECTIVE.

CLAIM II

Claim:
CONSIDER INEFFECTIVE APPELLATE ATTORNEY BY FAILING TO ADEQUATELY REPRESENT PETITIONER.

(a) Supporting FACTS (tell your story briefly without citing cases or law):
APPELLATE ATTORNEY ONLY ARGUED ONE ERROR, THAT'S BECAUSE APPELLATE DIDN'T HAVE PETITIONER TRANSCRIPTS.

(b) List names and addresses of witnesses who could testify in support of your claim. If you cannot do so, explain why:
BERTHA M. HILLMAN APPELLATE ATTORNEY (410 ST. PHILLIP ST. SUITE A.) THIBODAUX, LA. 70301.

(c) If you failed to raise this ground in the trial court prior to conviction, on appeal or in a prior application, explain why: APPELLATE AND TRIAL ATTORNEY WAS INEFFECTIVE. SEE ATTACHMENT

CLAIM III

Claim:
CLERK OF COURT FAILED TO GET TRANSCRIPTS FOR APPELLATE COUNSEL TO FILE PETITIONER BRIEF

(a) Supporting FACTS (tell your story briefly without citing cases or law):
ON 3/13/12 CLERK OF COURT NOTED PETITIONER THAT TRANSCRIPTS WILL BE SENT TO PETITIONER

(b) List names and addresses of witnesses who could testify in support of your claim. If you cannot do so, explain why:
FAKRA WHITE DEPUTY CLERK 22 ND JUDICIAL DISTRICT COURT ST. TAMMANY PARISH DIV-J

(c) If you failed to raise this ground in the trial court prior to conviction, on appeal or in a prior application, explain why: APPELLATE COUNSEL FAILED TO RAISE THESE GROUNDS UPON PETITIONER BEHALF

You may attach additional pages setting forth the required information (above) if additional claims are asserted.

A. Do you have in a state or federal court any petition or appeal now pending as to the judgment challenged?

Yes [ ] No [✓] If "yes", name the court

NONE

B. Do you have any future sentence to serve after you complete the sentence imposed by the judgment

challenged? Yes [ ] No [✓]

(1) If so, give name and location of court which imposed sentence to be served in the future:

NONE

(2) Give date and length of sentence to be served in the future:

NONE

(3) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes [ ] No [✓]

C. If a copy of the court order sentencing you to custody is not attached, explain why.

NONE

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled.

Carl Duperon
Signature of Petitioner

6/25/13
Day/Month/Year

## APPLICATION FOR APPOINTMENT OF COUNSEL

I am unable to employ counsel to represent me in this matter because I have no assets or funds except:

FUNDS TO MAKE IT ON WHILE INN PRISON

(Write "None" above if you have nothing; otherwise, list your assets including funds in prison accounts.)

JUST FUNDS TO LIVE ON IN PRISON

Signature of Petitioner

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF East Feliciana

CARL DUPERON, being first duly sworn says that he has read the
(Name of Petitioner)

foregoing application for post-conviction relief and swears or affirms that all of the information therein is true and correct. He further swears or affirms that he is unable to employ counsel because he has no assets or funds which could be used to hire an attorney except as listed above. [Delete reference to appointment of counsel if inapplicable.]

Carl Duperon
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this 25 day of JUNE, 2013

Robert R Harrison 90575
Notary Public or other person authorized to administer an oath.
ROBERT R HARRISON 90575

## CLAIM 1 ATTACHMENT

1. TRIAL ATTORNEY FAILURE TO CHALLENGE THE OVERALL EVIDENCE FOR REASONABLE DOUBT, ALSO SUBPOENAING WITNESS OF ANONYMOUS TIP AND WITNESS OF THE RESIDENCE WHICH BELIEVED TO BE VACANTED.
2. TRIAL ATTORNEY FAIL TO CHALLENGE WITNESSES TESTIMONY WHEN ALL GREAT WEIGHT WAS SHOWING IN PETITIONER FAVOR, AND APPEAL COURT JUDMENT RENDERED: DEC. 21 2012 THAT TRIAL ATTORNEY DID NOT RAISE THESE ARGUMENTS TO THE TRIAL COURT.
3. TRIAL ATTORNEY FAILED TO INVESTIGATE THE EVIDENCE TO SUPPORT PETITIONER NOT GUILTY PLED THAT FORESEEABLE HUMAN LIFE MIGHT BE ENDANGERED, AND THIS REPRESENTATION HAD PETITIONER CONVICTED.
4. TRIAL ATTORNEY FAIL TO ATTACK TESTIMONY OF WITNESS FIREMAN EXPERT DONALD ESTES THAT THE FIRE COULD HAVE BEEN STARTED WITH A LIGHTER, BUT THE WITNESS WAS'NT SURE IF IT WAS A LIGHTER. WITNESS BROWN TESTIFY PETITIONER HAD LIGHTER BURNS ON HIS FINGERS, WHY PETITIONER WAS'N TAKEN TO A HOSPITAL FOR BURN EVIDENCE.
5. THE TRIAL ATTORNEY FAIL TO ATTACK DETECTIVE BROWN AND WITNESS LIEUTENANT DUPUY TESTIMONY THAT COMBUSTIBLE MATERIALS WAS FOUND INN PETITIONER VEHICLE, AND PETITIONER CLOTHING SMELLING FAINTLY, ALSO A TWO LITER BOTTLE OF GASOLINE. ATTORNEY SHOULD HAVE ATTACKED THESE WITNESSES ABOUT THIS EVIDENCE NOT BEING TESTED.
6. LT. DUPUY TESTIFY THAT IT WAS ODD THAT A VEHICLE WAS EXITING A VACANT RESIDENCE, SO WHY DID'N HE MAKE A TRAFFIC STOP THEN. HE STOPED PETITIONER BLOCKS AWAY, TRIAL ATTORNEY FAIL TO ATTACK THIS.

## CLAIM 2 ATTACHMENT

1. APPELLATE ATTORNEY ONLY ARGUMENT IS THAT THE COURT DENIED PETITIONER MOTION TO SUPPRESS EVIDENCE WHICH WAS SEIZED WITHOUT A WARRANT, OFFICERS DID NOT HAVE REASONABLE SUSPICION THAT PETITIONER COMMITTED A CRIME WHILE CONDUCTING A TRAFFIC STOP.

CONTINUE CLAIM 2 ATTACHMENT

2. BY THE CLERK OF COURT NOT APPLYING APPELLATE AND PETITIONER WITH A COPY OF THE TRIAL TRANSCRIPTS IS A FAILURE FOR APPELLATE TO FILE ALL OF THE ERRORS ON PETITIONER BRIEF.
3. APPELLATE COUNSEL NOTED PETITIONER THAT APPELLATE COULD NOT GET PETITIONER TRANSCRIPTS TO FILE PETITIONER BRIEF, PETITIONER IS SENDING THE COPY OF THAT NOTE.
4. APPELLATE COUNSEL FAILING TO HAVE PETITIONER TRANSCRIPTS MADE IT HARD TO SHOW THE APPEAL COURT TRIAL ERRORS APPELLATE SHOULD HAVE ATTACKED, BY APPELLATE NOT HAVEING PETITIONER TRANSCRIPTS TO ATTACK ALL OF THE ERRORS. WELL ALL OF THESE FACTS MADE PETITIONER CONVICTION AND SENTENCE AFFIRMED.

CLAIM 3 ATTACHMENT

1. CLERK OF COURT NOTED TO SEN PETITIONER A COPY OF THE COURT TRANSCRIPTS, PETITIONER ALSO IS SENDING A COPY OF THE LETTER THAT THE CLERK OF COURT SENT PETITIONER.
2. PETITIONER FILED A MOTION TO THE 22nd JUDICIAL DISTRICT COURT TO GET PETITIONER TRANSCRIPTS IN MARCH 2012, AND THE CLERK OF COURT ANSWER'S PETITIONER ON MARCH 12, 2012.

APPELLATE COURT APPEAL

CLERK OF COURT ATTACHMENT

Malise Prieto
Clerk of Court
22nd Judicial District
Parish of St. Tammany

P.O. Box 1090
Covington, LA 70434
(985) 809-8700
(985) 646-4120

March 12, 2012

CARL DUPERSON
A-928-B
P.O. BOX 908
COVINGTON, LA. 70434

DIVISION J
Re: State of La.
Vs. #509240
CARL ANTHONY DUPERON

Dear Sir/Madam:

Please be advised our office is in receipt of your letter requesting your transcripts. Please note our office have notified the Court Reporters and once your transcripts are filed we will forward you a copy.

Yours very truly,

Fadra White

Fadra White
Deputy Clerk

IN THE

COURT OF APPEAL

# LOUISIANA APPELLATE PROJECT

Providing appellate defense in felony cases

James H. Looney
Executive Director
P. O. Box 3340
Covington, LA 70434
(985) 892-1707

Gwendolyn K. Brown
Regions 1&5 Supervisor
P. O. Box 64962
Baton Rouge, LA 70821
(225) 922-9570

Bertha M. Hillman
Appellate Attorney
410 St. Phillip Street
Thibodaux, LA 70301
(985) 446-5480

June 4, 2012

Mr. Carl Duperon DOC # 101335
Concordia Parish Correctional Center
26356 Hwy. 15
Ferriday, LA 71334-4531

Dear Mr. Duperon:

Enclosed please find a copy of the brief I have prepared on your behalf.

The First Circuit Court of Appeal will send you a briefing notice indicating that you have the right to file a pro se brief in addition to the brief I file. The notice will give you the time delays for filing such a brief. However, the fact that you have the option to file a supplemental brief, does not mean that a pro se brief is required. Our experience is that more pro se supplemental briefs hurt cases than help them. And the issue of ineffective assistance of counsel is an example of how raising an issue which is not proper for an appeal can lead to the loss of any ability to raise the issue at an appropriate time. Of course, it is your choice to file a pro se supplemental brief or not and should you chose to file one, you are required to send me and the district attorney a copy of it.

I did not receive any transcripts in your case. I used the official court record, which I checked out from the Court of Appeal to prepare your brief and cited to it as is required by the Uniform Rules of the Courts of Appeal. After I completed the brief, I was required to return the record to the court. In some districts, the court reporter or someone else provides a copy of the transcripts which we can pass along to our client. It would be nice if all the district did the same thing, but I have no control over when or whether we get such a copy, and I can only provide what I receive. Should I receive your transcripts at a future date, I will send them to you.

Please be assured that I will send you a copy of the court's decision as soon as I receive it.

Sincerely,

BERTHA M. HILLMAN

# LOUISIANA APPELLATE PROJECT

Providing appellate defense in non-capital, felony cases

James H. Looney
Executive Director
P. O. Box 3340
Covington, LA 70434-3340
Phone: 985-892-1707
Fax: 985-892-9377

Gwendolyn K. Brown
Regions 1 & 5 Supervisor
P. O. Box 64962
Baton Rouge, LA 70896-4962
Phone: 225-922-9570
Fax: 225-922-9570

Bertha M. Hillman
Appellate Attorney
410 St. Phillip Street, Suite A
Thibodaux, LA 70301-3141
Phone: 985-446-5480
Fax: 985-446-5489

March 16, 2012

Mr. Carl Duperon DOC # 101335
St. Tammany Parish Jail
P. O. Box 908
Covington, LA 70434-0908

RE: Appeal of State vs. Carl Duperon
22nd JDC # 509240

Dear Mr. Duperon,

I was recently assigned by the Louisiana Appellate Project to represent you in connection with the appeal in your case. Please refer to the fact sheet enclosed for some basic information about the appeal process.

Any communication between you and me is privileged information. You need to be careful about what you tell anyone about the facts of your case or what your attorney told you or you told your attorney

After a careful review of the record and the appealable issues, an appropriate brief will be filed on your behalf.

In the meantime, feel free to write me and express any concerns or questions you may have about your case.

Sincerely,

Bertha M. Hillman

Bertha M. Hillman

Encl

# APPEALS

WHAT IS AN APPEAL? An appeal is not a new trial. It is a review of the case, the rulings of the trial judge, the verdict, and the sentence. The focus of the Court of Appeal is on the procedures followed rather than on the facts. It is a review for legal errors, not factual errors.

WHAT DOES THE COURT OF APPEAL CONSIDER? The court reviews the written arguments (briefs) filed by your appellate attorney and the DA and the written record in the case. The record includes the motions filed by both the DA and your trial attorney, the minutes, the transcripts and any evidence admitted in court. The Court of Appeal is limited to the record and cannot consider anything which is not in the record. No new testimony or evidence can be offered during the appeal.

WHAT ARE THE STEPS IN AN APPEAL?

1. A Motion for Appeal was granted.
2. The court reporter(s) types the transcripts of court proceedings.
3. The Clerk of the district court files the record (transcripts and all pleadings) in the Court of Appeal.
4. Your attorney checks out the court's record, reads it and searches for arguments to raise in the brief.
5. Your attorney prepares and files a brief with the Court of Appeal and mails a copy to you. At the same time your attorney must return the record to the court.
6. The DA files a brief. Your attorney mails you a copy.
7. The Court of Appeal sets the case on its calendar for consideration and later renders a decision.
8. Your attorney mails the decision to you when it is received from the Court of Appeal and will advise you what further steps may be taken in your case.

WHY DOES IT TAKE SO LONG? The steps listed above are handled by many different people. There are delays built into the system for each of the steps, including the preparation of the transcripts, assembling and filing the record, checking out the record and reading it, time limits for filing our brief and the DA's brief, then the court setting the case on its calendar, the court rendering a decision and mailing it, and finally my mailing it to you.

√ CAN I GET MY TRANSCRIPT? Your attorney checks out the court's record and thus sees exactly what the court will review. This is like checking out a library book. The record must be returned to the court when the brief is filed. We cannot send you a copy, although there are ways you can get a copy directly from the Court of Appeal or the court reporter after the transcripts are prepared. Rarely, a court reporter sends a copy of the transcripts to your attorney. If one is received, it will be sent to you automatically. If we do not get a transcript copy, we cannot send it.

WHAT DO I NEED TO DO? **Please write and give me your address each time you move. Always include your DOC number**. That will eliminate any delays in my being able to reach you. You may write me at Bertha M. Hillman, Louisiana Appellate Project, 410 St. Phillip Street, Suite A, Thibodaux, LA 70301-3141.

WHAT ELSE CAN I DO? If you want, you can send me a list of things you thought went wrong at your trial. You do not have to do that, as I review the record closely. But if you want to tell me your thoughts, I will review your concerns when I have the record.

# LOUISIANA APPELLATE PROJECT

Providing appellate defense in non-capital, felony cases

James H. Looney
Executive Director
P. O. Box 3340
Covington, LA 70434
(985) 892-1707

Gwendolyn K. Brown
Regions 1&5 Supervisor
P. O. Box 64962
Baton Rouge, LA 70821
(225) 922-9570

Bertha M. Hillman
Appellate Attorney
410 St. Phillip Street
Thibodaux, LA 70301
(985) 446-5480

April 1, 2012

Mr. Carl Duperon DOC # 101335
St. Tammany Parish Jail
P. O. Box 908
Covington, LA 70434-0908

Dear Mr.Duperon:

I am in receipt of your letter postmarked March 26, 2012. I will try to answer the questions you asked.

It usually takes at least a year for the court to render a decision. The record is prepared by the clerk in the district where your trial took place. This often takes several months because it takes the court reporter a while to prepare the transcripts from all the days you were in court. After the record is prepared, the clerk in the district court sends it to the appellate court. At the current rate, it usually takes the appellate court six to eight months to render a decision after they receive the record.

You also discussed some of the facts of your case. It is difficult for me to comment on your case because I have not received the record yet. After the record is sent to the appellate court, they will send me a copy to use to write your appeal. I am required to return the record to the court when I file the appeal. It will not be necessary for you to send me transcripts because I will use the transcripts in the record. When I file the brief, I will send you a copy for your records. I will also send you a copy of the state's brief after it is filed.

Please be assured that when I receive the record in your case, I will carefully review it and raise any issues I believe have merit.

Sincerely,

Bertha M. Hillman

Bertha M. Hillman

# LOUISIANA APPELLATE PROJECT

Providing appellate defense in non-capital, felony cases

James H. Looney
Executive Director
P. O. Box 3340
Covington, LA 70434
(985) 892-1707

Gwendolyn K. Brown
Regions 1&5 Supervisor
P. O. Box 64962
Baton Rouge, LA 70821
(225) 922-9570

Bertha M. Hillman
Appellate Attorney
410 St. Phillip Street
Thibodaux, LA 70301
(985) 446-5480

April 28, 2012

Mr. Carl Duperon DOC # 101335
Concordia Parish Correctional Center
26356 Hwy. 15
Ferriday, LA 71334-4531

Dear Mr. Duperon:

I received your letter yesterday. Thank you for sending your new address. It is very important for me to be able to correspond with you at all times.

I will send you a copy of the brief when I file it. I cannot sent you a copy before it is filed. I will have twenty-five days to prepare your brief after the record is lodged with the court of appeal. That is not enough time fo me to prepare the brief, send you a copy and wait for a response from you. I would likely miss the filing due date. That is why it is our policy to send a copy to the client when the brief is filed.

I still have not received the record in your case, so I still unable to comment on the facts or the merits of your case and it will probably be several months before I receive it.

Sincerely,

Bertha M. Hillman

Bertha M. Hillman

# LOUISIANA APPELLATE PROJECT

Providing appellate defense in non-capital, felony cases

James H. Looney
Executive Director
P. O. Box 3340
Covington, LA 70434
(985) 892-1707

Gwendolyn K. Brown
Regions 1&5 Supervisor
P. O. Box 64962
BatonRouge,LA 70821
(225) 922-9570

Bertha M. Hillman
410 St. Phillip St.
Thibodaux, La. 70301
(985) 446-5480

January 7, 2013

Mr. Carl Duperon DOC # 101335
Dixon Correctional Institute
P. O. Box 788
Jackson, LA 70748-0788

Dear Mr. Duperon:

I am in receipt of your letter postmarked January 2,2013 informing me of your address and inquiring about transcripts.

I did not receive transcripts in your case. I informed you of this in a letter dated June 4, 2012. I perpared your brief from the record in your case which was sent to me by the First Circuit Court of Appeal. Records must be returned to the court when the brief is filed. It is like checking a book out of a library. You can use it but it must be returned.

I do not know why money is being taken from your account, but it is not for your appeal. Since the trial court found that you are indigent you do not pay for an appeal.

Sincerely,

Bertha M. Hillman

Bertha M. Hillman

DOCUMENTATION, SENTENCE CRIME & CONVICTION

IN THE

COURT OF APPEAL

FIRST CIRCUIT

STATE OF LOUISIANA

RECEIVED
CLERK'S OFFICE
JUN 5 2012
COURT OF APPEAL
FIRST CIRCUIT

COURT OF APPEAL FIRST CIRCUIT
FILED
JUN 04 2012
CLERK

#2012-KA-0810

STATE OF LOUISIANA,
Appellee

VS.

CARL A. DUPERON
Appellant

APPEAL FROM THE TWENTY-SECOND DISTRICT COURT, PARISH OF ST. TAMMANY, STATE OF LOUISIANA, NO. 509240, DIVISION "J" THE HONORABLE WILLIAM J. KNIGHT, JUDGE

ORIGINAL BRIEF ON BEHALF OF CARL A. DUPERON, APPELLANT

TIMELY

LOUISIANA APPELLATE PROJECT

BERTHA M. HILLMAN
Bar Roll # 20861
Appellate Counsel
410 St. Phillip Street
Thibodaux, Louisiana 70301
Phone: (985) 446-5480

(CRIMINAL MATTER)

# INDEX

| | |
|---|---|
| JURISDICTION | 1. |
| STATEMENT OF THE CASE | 1. |
| ACTION OF THE TRIAL COURT | 1. |
| FACTS | 2.-3. |
| ISSUE | 3. |
| ASSIGNMENT OF ERROR | 3. |
| ARGUMENT | 3.-9. |
| CONCLUSION | 9. |
| CERTIFICATE | 9. |
| APPENDIX | |
| Minute Entry of Sentencing | |

## JURISDICTION

Jurisdiction vests in this Court pursuant to ***La. Const. Art. 5, Sec. 10.***

## STATEMENT OF THE CASE

This is a criminal case resulting in a conviction. On June 28, 2011 the state filed a bill of information charging Carl A. Duperon with aggravated arson in violation of ***LSA-R.S. 14: 51*** for an incident which occurred on June 5th, 2011 (Rec., pp. 17-18). The defendant pled not guilty.

There were the usual pre-trial motions. Relevant to this appeal is a motion to suppress evidence filed by the defendant (Rec., pp. 27).

## ACTION OF THE TRIAL COURT

This matter was tried before a jury on February 12 and 13, 2012.The jury found the defendant guilty as charged (Rec., pp. 12,42). The defendant filed a motion for a new trial and a motion for post verdict judgment of acquittal, both of which were denied by the court (Rec., pp. 342-343, 43, 45, 14).

The court sentenced the defendant to 18 years at hard labor with the Louisiana Department of Public Safety and Corrections, the first two years without the benefit of parole, probation or suspension of sentence, with credit for time served on these charges (Rec., p.14 ). The defendant filed a motion to reconsider sentence which was denied by the court.

This appeal timely follows.

**FACTS**

On June 5, 2011, Lieutenant Dupuy of the Slidell Police Department received a call from a motorist on Highway 190 who reported seeing a thin black male wearing a light colored shirt around the back of a small blue building next to the Camellia Café. The caller reported seeing smoke coming out of the back of the building and assumed the black male was setting fire to the building (Rec., p. 178). Officers from the Slidell Police Department drove to the area but were unable to locate a small blue building. Approximately two or three blocks away from the Camellia Grill, Officer Dupuy saw the defendant, Carl Duperon, in a silver BMW pulling out of a driveway in front of a white house. Officer Dupuy testified that he activated his lights and siren and conducted a traffic stop because he could see that the driver was a black male (Rec., pp.185, 187). He admitted that the black male had committed no traffic violation, and he could not recall seeing what the defendant was wearing ( Rec., pp. 184-185). He testified that he was suspicious because he assumed that the white house ,which was occupied by Denise Herman, was a vacant house (Rec., pp.187, 190).

Mr. Dupreon got out of the car and told the officer that he had been to the grocery store and was on his way home. He said he was at the house looking for a friend, Michael Washington, who owed him money (Rec., p.185). Officer Dupuy testified that he could smell an order of smoke on Duperon and when he looked inside the car he saw a container containing a clear liquid, possibly gas, in the car. Officer Dupuy radioed officer Jake Morris, who had also responded to the call, and told him to check the white house (Rec., p.180).

Officer Morris and Officer Knight saw a fire at the back of the white house and extinguished it. While they were extinguishing the fire, Denise Herman climbed out

a window (Rec., 181). The defendant was arrested and charged with aggravated arson. The officers seized a bottle of clear liquid which smelled like gasoline and a cigarette lighter from the defendant's car (Rec., pp. 181-182).

At the Slidell Police Department, the defendant was questioned by Detective Brian Dale Brown. Detective Brown testified that the defendant smelled like smoke. In addition to the evidence seized when the defendant was stopped, Detective Brown collected the defendant's clothing (Rec., p.195).

## ISSUE

**WHETHER THE COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE SEIZED AS THE RESULT OF AN ILLEGAL TRAFFIC STOP?**

## ASSIGNMENT OF ERROR

**IT WAS ERROR FOR THE COURT TO DENY THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE WHICH WAS SEIZED WITHOUT A WARRANT WHEN THE OFFICER DID NOT HAVE REASONABLE SUSPICION THAT THE DEFENDANT HAD COMMITTED A CRIME WHEN HE CONDUCTED A TRAFFIC STOP.**

## ARGUMENT

Officer Dupuy received an anonymous tip from a motorist who reported seeing a thin, black male wearing a light colored shirt at the back of a small blue building next to Camellia Cafe. The caller could see a flame at the back of the building and believed the man was starting a fire (Rec., p.178). Officer Dupuy drove to Camellia

Café but could not find a blue house, nor did he see a thin black male in the area. He did see the defendant, who was driving a silver BMW three blocks away, pull out of the driveway of a white house occupied by Denise Harmon (Rec., pp. 183, 187). Officer Dupuy stopped the defendant because he could see that the driver was a black male ( Rec.,p. 185). Dupuy testified that he was suspicious because of his subjective belief that the house was vacant when it was actually occupied by Ms. Harmon. Dupuy admitted that the defendant did not commit a traffic violation and he did not recall seeing that the defendant was wearing a light colored shirt. After the defendant had been detained and questioned, officers discovered a fire behind the white house.

The officers seized a bottle of clear liquid which smelled like gasoline when they removed the cap at the scene and a cigarette lighter found in the console of the car. At the police station the police also collected the defendant's clothing for evidence because the clothes smelled like smoke.

The defendant filed a motion to suppress evidence seized from the automobile and the court denied the motion, finding that the evidence was seized pursuant to a lawful arrest (Rec., p.203). This was not a lawful arrest. There was no reasonable suspicion for the investigatory stop. The officer admitted that he stopped the defendant because the defendant is a black male and was leaving the driveway of a house the officer mistakenly believed to be vacant. The tipster said the suspicious person was standing behind a blue house next to Camellia Cafe and was wearing a light colored shirt. The defendant was driving a car three blocks away, was leaving the driveway of a white house and the officer could not see his shirt. The only corroborative information was that the defendant is a black male.

In Louisiana, a police officer "may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an

offense and may demand of him his name, address, and an explanation of his actions." ***La. Code Crim. Proc. art. 215.1(A).*** In determining whether the police possessed the requisite minimal level of objective justification for an investigatory stop based on reasonable suspicion of criminal activity, reviewing courts look at the totality of the circumstances, allowing officers to make inferences from and deductions about the cumulative information available to them based on their own experience and specialized training. ***U.S. v. Arvizu, 534 U.S. 266, 273 (2002); State v. James, 2007-1104, p. 3 (La. App. 4 Cir. 3/5/2008), 980 So.2d 750, 752; see also State v. Williams, 421 So.2d 874, 875 (La. 1982)*** (to determine whether a reasonable, articulable suspicion existed, the court must weigh all of the circumstances known to the police at the time the stop was made).

Investigatory stops require reasonable suspicion of criminal activity. ***State v. Boss, 04-457 (La. App. 5 Cir. 10/26/04), 887 So.2d 581, 585.*** Reasonable suspicion is something less than probable cause to arrest and requires that police officers have sufficient knowledge of facts and circumstances to justify an infringement of the individual's right to be free from government interference. ***State v. Chauvin, 06-362 (La. App. 5 Cir. 10/31/06), 945 So.2d 752, 757-58.*** Absent reasonable suspicion, an investigatory stop is illegal and the evidence seized as a result is suppressible.

The determination of reasonable grounds for an investigatory stop does not rest on the officer's subjective beliefs or attitudes, but is dependent on an objective evaluation of all the circumstances known to the officer at the time of his challenged action. ***State v. Kalie, 96-2650 (La. 9/19/97), 699 So.2d 879, 880.*** In determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or hunch, but to the specific reasonable inferences that he is entitled to draw from the facts in light of his

experience. A reviewing court must take into account the totality of the circumstances, giving deference to the inferences and deductions of a trained police officer that might elude an untrained person. An officer's experience, his knowledge of recent criminal patterns, and his knowledge of an area's frequent incidence of crimes are factors that may support reasonable suspicion for an investigatory stop.

Under certain circumstances, an anonymous tip can provide reasonable suspicion to detain and question a person. Generally, there must be some corroboration of the anonymous tip and the tip must contain predictive information regarding the future behavior of the reported suspect. ***Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990); State v. Robertson, 97-2960 (La. 10/20/98), 721 So.2d 1268, 1270; State v. Sam, 988 So.2d 765 (La. 05/15/09).***

Whether an anonymous tip establishes reasonable suspicion to conduct an investigatory stop is considered under the totality of the circumstances. The sufficiency of an anonymous tip is determined by the reliability of its assertion of illegality and not just its tendency to identify a determinate person. ***State v. Boss, 887 So.2d at 586.*** "If the tip has a relatively low degree of reliability, more information will be required to establish the requisite quantum of suspicion than would be required if the tip were more reliable." ***Alabama v. White, 496 U.S. at 330, 110 S.Ct. at 2416.***

The anonymous caller's ability to predict the suspect's future behavior goes towards reliability, as it demonstrates inside information and a special familiarity with the suspect's affairs. ***State v. Boss, 887 So.2d at 586.*** Predictive ability is not always necessary; a non-predictive tip coupled with police corroboration or independent police observation of suspicious activity can provide the police with the requisite reasonable suspicion to detain a suspect. ***State v. Triche, 03-149 (La. App. 5 Cir.***

***5/28/03), 848 So.2d 80, 85.***

With no predictive tip, no corroboration of the tip given, and no observation of suspicious activity, Deputy Dupuy lacked reasonable suspicion to conduct an investigatory stop of the vehicle in which defendant was riding. A review of the jurisprudence supports this conclusion.

In ***State v. Robertson, 721 So.2d at 1270-1271***, the Louisiana Supreme Court found the officers lacked reasonable suspicion to stop the defendant. The officers received an anonymous tip that the defendant, who was named and described, was selling drugs. The tip also described the vehicle that the defendant drove and stated where the vehicle would be parked when the defendant was not using it to sell drugs. The officers went to the location and saw the vehicle being driven away. They followed the vehicle and when the defendant stopped, the officers detained him and called for a canine unit. The supreme court found that, although the officers corroborated certain aspects of the tip, such as the defendant's name, physical description, and the location of the vehicle, the tip contained no predictive information, and therefore, there was no reasonable suspicion to stop defendant.

Likewise, in ***State v. Wilson, 99-2334 (La. App. 4 Cir. 3/15/00), 758 So.2d 356***, the Fourth Circuit held the police lacked reasonable suspicion to conduct an investigatory stop and reversed the trial court's denial of the defendant's motion to suppress. The officers testified they received a call from dispatch that an anonymous caller reported a suspicious person at a specific location. The dispatcher gave a description of the suspect and the clothes he was wearing and noted the suspect was "possibly" selling drugs. The officers observed the defendant, who fit the description broadcast by the dispatcher, at the given location. The defendant entered a nearby store and the officers followed him and asked him to step outside. The officers

conducted a pat down search and discovered cocaine on defendant's person. The Fourth Circuit found the information received by the police from an anonymous caller did not provide the reasonable suspicion required for an investigatory stop. The court noted there was no information elicited during the suppression hearing or trial regarding the anonymous caller's veracity, reliability, or basis of knowledge. The court further noted there was no testimony that the officers saw the defendant engage in suspicious activity when they arrived at the scene, and thus, there was no independent corroboration that defendant was engaged in criminal activity. The court also noted that there was no evidence that the area was a high crime area or an area known for drug trafficking. The court commented that aside from a description of the clothing worn by the defendant, the only evidence of suspicious activity was the anonymous tip that the suspect was "possibly" selling drugs at a specific location. As such, the Fourth Circuit found there was no reasonable suspicion to detain the defendant. ***State v. Wilson, 758 So.2d at 361.***

See also, ***State v. Herrington, 07-70 (La. App. 4 Cir. 6/20/07), 961 So.2d 1271, writ denied, 07-1528 (La. 8/31/07), 962 So.2d 429, and State v. Lee, 485 So.2d 555 (La. App. 5 Cir. 1986),*** where the appellate courts concluded that the police officers did not have reasonable suspicion to stop the defendants, and therefore, the trial court erred in denying the defendants' motions to suppress evidence.

Most recently, ***In State V. Lane, 24 So.3d 920 (La. App. 5 Cir., 2009)*** the court also found that the State failed to meet its burden of showing that the stop of defendant was justified. The deputy in that case simply testified that he responded to a call of a suspicious person at a strip mall and that the anonymous caller advised of possible drug activity. He went to the identified location, looking for a maroon SUV. As he approached the parking lot, he saw a maroon SUV leaving. He immediately

blocked it in and initiated a stop by activating all his lights. There was no information either during the suppression hearing or at trial regarding the anonymous caller's veracity, reliability, or basis of knowledge. The deputy admitted he never spoke with the caller and had no information about the anonymous caller. Additionally, the anonymous tip contained no predictive information. Finally, there was no independent corroboration that defendant was engaged in criminal activity. The deputy admitted he did nothing to verify the anonymous tip, which contained only scant information, and stopped the vehicle in an attempt to verify the information. He stated the sole reason he stopped the vehicle was based on the anonymous call.

In the absence of any suspicious conduct or corroboration of information from which Deputy Dupuy could conclude the anonymous caller's allegation of criminal activity was reliable, there was no reasonable suspicion to stop defendant and the evidence seized as a result of that stop should be suppressed.

**CONCLUSION**

The court erred in denying the defendant's motion to suppress evidence. This matter should be remanded for a new trial without the illegally seized evidence.

Respectfully Submitted,

Bertha M. Hillman

**LOUISIANA APPELLATE PROJECT**

Bertha M. Hillman
Appellate Counsel Bar Roll # 20861
410 St. Phillip Street
Thibodaux, Louisiana 70301
(985) 446-5480

**CERTIFICATE**

I hereby certify that the foregoing original brief of appellant, Carl A. Duperon, has been served upon the State of Louisiana through the Honorable Walter P. Reed, District Attorney, Parish of St. Tammany, on the trial judge, William J. Knight and on Carl A. Duperon at Concordia Parish Correctional Center by depositing the same in the U.S. mail, postage prepaid and properly addressed, on the 4th day of June, 2012.

Bertha M. Hillman

Bertha M. Hillman

NOTICE OF PRO SE BRIEFING

Thursday, February 23, 2012

COURT MET THIS DAY PURSUANT TO ADJOURNMENT, PRESENT AND PRESIDING HIS HONOR, WILLIAM J. KNIGHT, JUDGE, DIVISION "J", KEN DOHRE ASSISTANT DISTRICT ATTORNEY, RODNEY J. STRAIN JR, SHERIFF AND MALISE PRIETO, CLERK OF COURT (Jonathon Rogers Bailiffs and Ramona Bowlin, Court Reporter)

509240 STATE OF LOUISIANA

VS

CARL ANTHONY DUPERON

The defendant being present in open Court and attended by Counsel Michael Capdeboscq, and this matter being on assignment for a Motion for Post Verdict Judgment of Acquittal, Motion for New Trial and Felony Sentencing.

As to the Motion for Post Verdict Judgment of Acquittal, Court denied said motion.

As to the Motion for New Trial, Court denied said motion.

The State at this time advised the Court their intent to filed a Multiple Bill of Information. The defendant being present in open Court and attended by Counsel, Michael Capdeboscq and this matter being on assignment for Felony Sentencing, the defendant having previously been found guilty by a jury on February 14, 2012, Court ordered the following sentence imposed:

CARL ANTHONY DUPERON, being over 17 years of age and after having been found guilty by a jury to R.S. 14:51 AGGRAVATED ARSON, by intentionally damaging by any explosive substance or the setting of fire to a structure located at 826 GAUSE WEST, SLIDELL, LOUISIANA, whereby it is foreseeable that human life might be endangered. Court sentences the defendant to serve a period of eighteen (18) years at hard labor, **the first two (2) years of said sentence to be served without the benefit of probation parole or suspension of sentence** with the Department of Public Safety and Corrections, State of Louisiana, credit for time served on this arrest.

Office Of The Clerk
Court of Appeal, First Circuit
State of Louisiana
www.la-fcca.org

Christine L. Crow
Clerk of Court

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

# Notice of Pro Se Briefing Schedule

**2012 KA 0810**

State of Louisiana
vs.
Carl A. Duperon

TO: Carl A. Duperon
DOC# 101335
Concordia Parish Correctional Facility
26356 Hwy 15
Ferriday, La 71334

**BY ORDER OF THE COURT OF APPEAL, FIRST CIRCUIT:**

- **YOU ARE NOT REQUIRED TO FILE A BRIEF**, but if you do elect to file a pro se brief:
- Your brief **SHALL BE FILED ON OR BEFORE** **July 9, 2012**
  If you miss this deadline your pro se brief will not be accepted for filing.
- You are limited to **ONE** pro se brief of not more than **28 PAGES**.
- Place the case title and docket number shown above on your brief cover page.
- **NO ATTACHMENTS ALLOWED.** Your attachments will be removed and returned to you.
- You must certify that a copy of your pro se brief was sent to your attorney and the attorney for the State. We will not forward a copy of your brief to any party/person outside of the court.

[signature]
CHRISTINE L. CROW
BY THE CLERK OF COURT
FOR THE COURT

Issued this 7th day of June 2012.

[signature]
Deputy Clerk

cc: Counsel of Record

IN THE

COURT OF APPEALS

FIRST CIRCUIT

STATE OF LOUISIANA

#2012-KA-0810

STATE OF LOUISIANA

Appellee

VERSUS

CARL A. DUPERON

Appellant

PRO-SE BRIEF IN SUPPORT OF APPEAL FROM TWENTY-SECOND DISTRICT COURT, PARISH OF ST. TAMMANY, STATE OF LOUISIANA, NO. 509240, DIVISION "J" THE HONORABLE WILLIAM J. KNIGHT, JUDGE

PRO-SE BRIEF ON BEHALF OF CARL A. DUPERON, APPELLANT

Carl Duperon

CARL A. DUPERON, PRO-SE
CONCORDIA PARISH
CORRECTIONAL FACILITY #1
26356 HWY. 15
FERRIDAY, LA 71334

(CRIMINAL MATTER)

**TABLE OF CONTENTS**

STATEMENT OF JURISDICTION.......................................P. 3

GROUNDS FOR REVIEW.............................................P. ____

PRO-SE PRAYER......................................................P. 3

STATEMENT OF THE CASE.........................................P. 4

ASSIGNMENT OF ERROR...........................................P. 5

ARGUMENTS IN SUPPORT.........................................P. 6

PRAYER.....................................................................P. 12

CERTIFICATE OF SERVICE.........................................P. 12

AFFIDAVIT OF VERIFICATION.....................................P. 13

## STATEMENT OF JURISDICTION

Jurisdiction over this matter is vested in this Honorable Court of Law by virtue of the judicial review cause of the Constitution of the State of Louisiana and the United States Constitution.

Jurisdiction is further vested by the Due Process clause and the 14th Amendment to the Constitution of the United States of America.

## PRO SE PRAYER

Applicant, CARL DUPERON, proceeding in the above captioned case in pro-se capacity, respectfully requests that this Application for Supervisory/Remedial Writs, and the arguments raised therein, be liberally and broadly construed, and that this Court consider Applicants pro se deficiencies according to the standards set forth by the U. S. Supreme Court, See: ***Haines v. Kerner, 404 U.S. 519 (1972),*** and ***Conley v. Gibson, 355 U.S. 41 (1957).*** Since Applicant is acting pro se, it is asked that this Honorable Court *"read his supporting papers liberally"* and *"interpret them to raise the strongest arguments that they suggest."* ***Burgos v Hopkins, 14 F.3d 787,789 (2nd Cir. 1994),*** as *"pro se allegations must be read in a liberal fashion"* and *"however in artfully pleaded must be held to less stringent standards."* ***Estelle v. Gamble, 429 U.S. 97 (1976),*** and ***Elliott v. Bronson, 872F2d 20, 21-22 (2nd Cir. 1989).***

## STATEMENT OF THE CASE

ON JUNE 28, 2011 THE STATE FILED A BILL OF INFORMATION CHARGING CARL A. DUPERON WITH AGGRAVATED ARSON IN VIOLATION OF LSA-R.S. 14:51 FOR AN INCIDENT WHICH OCCURRED ON JUNE 5TH, 2011 (REC., PP. 17-18). THE DEFENDANT PLED NOT GUILTY.

FACTS

OFFICER DUPUY TESTIFIED HE CONDUCTED A TRAFFIC STOP BECAUSE HE COULD SEE THAT THE DRIVER WAS A BLACK MALE (REC., PP. 187).

HE TESTIFIED THAT HE WAS SUPICIOUS BECAUSE HE ASSUMED THAT THE WHITE HOUSE, WHICH WAS OCCUPIED BY DENISE HERMAN, WAS A VACANT HOUSE (REC., PP. 187, 190).

IN ADDITION TO THE EVIDENCE SEIZED WHEN THE DEFENDANT WAS STOPPED, DETECTIVE BROWN COLLECTED THE DEFENDANT'S CLOTHING (REC., P. 195).

ACTION OF THE TRIAL COURT

THE COURT SENTENCED DEFENDANT TO 18 YEARS WITH THE DEPARTMENT OF CORRECTIONS.

Applicant now seeks Supervisory and/or Remedial Writs in the matter.

## ASSIGNMENTS OF ERROR

1) WHETHER THE COURT ERR IN DENYING THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE SEIZED AS THE RESULT OF AN ILLEGAL TRAFFIC STOP? THERE WAS NO EIDENCE THAT SUSPICIOUS BEHAVIOR WAS FOR THE INVESTIGATING STOP.

2) IT WAS ERROR FOR THE COURT TO DENY MOTION TO SUPP-RESS EVIDENCE SEIZED WITHOUT A WARRANT, THE OFFICER DID NOT HAVE REASONABLE SUSPICION THAT A CRIME WAS COMMITTED ON CONDUCTING A TRAFFIC STOP.

3) IT IS AN ERROR THE COURT FAIL TO GET APPELLATE A COPY OF DEFENDANT TRANSCRIPTS SO THAT APPELLATE CAN UNIFORM THE COURT OF APPEAL. APPELLATE NOTED DEFEN-DANT THAT APPELLATE USED THE OFFICIAL COURT RECORD, WHICH IS THE REASON FOR DEFENDANT PRO-SE BRIEFING.

## ARGUMENT IN SUPPORT OF ASSIGNMENT(S) OF ERROR

ARGUMENT OF ERROR #1:

THE OFFICERS SEIZED A BOTTLE OF CLEAR LIQUID WHICH SMELLED LIKE GASOLINE, BUT IN COURT THE WITNESS TESTIFIED THAT HE DIDN'T SMELL THE LIQUID AND ALSO DIDN'T TEST THE EVIDENCE.

AT THE STATION DEFENDANT'S CLOTHING WAS TAKEN FOR EVIDENCE BECAUSE THE CLOTHES SMELLED LIKE SMOKE, IN COURT WITNESS TESTIFIED THAT THE CLOTHES WAS NOT TESTED. DEFENDANT IS ON TRIAL FOR AGGRAVATED ARSON AND A HUMAN LIFE MIGHT BE ENDANGERED, THAT EVIDENCE SHOULD HAVE BEEN TESTED.

STATE V. CHARLES RAY LINDSEY PAGE 9, IT IS WELL SETTLED THAT A PERSON CANNOT BE CONVICTED ON HIS OR HER CONFESSION ALONE. STATE V. HOPKINS, 35,246 (LA. APP. 2d CIR. 11/02/01), 799 SO. 2d 1234. THE CORROBORATION RULE REQUIRES THAT THERE BE SOME EVIDENCE, BESIDES THE CONFESSION, THAT A CRIMINAL ACT WAS COMMITTED BY SOMEONE. STATE V. CARTWRIGHT, 626 SO. 2d 780, 788 (LA. APP. 2d CIR. 1993), WRIT DENIED 632 SO. 2d 762 (LA. 1994). AS THE LOUISIANA SUPREME COURT EXPLAINED:

UNDER LOUISIANA LAW AN ACCUSED CANNOT BE CONVICTED ON HIS OWN UNCORROBORATED CONFESSION WITHOUT PROOF THAT A CRIME HAS BEEN COMMITTED BY SOMEONE. THIS INDEPENDENT PROOF NEED NOT GO TO EVERY ELEMENT OF THE OFFENSE; AND, IT MAY BE EITHER DIRECT OR CIRCUMSTANTIAL IN NATURE. THE PROSECUTION MUST SHOW "THAT THE CRIME WAS COMMITTED BY SOMEONE'S CRIMINAL ACTIVITY."

ARGUMENT OF ERROR #2:

GENERALLY, THERE MUST BE SOME CORROBORATION OF THE ANONYMOUS TIP AND THE TIP MUST CONTAIN PREDICTIVE INFORMATION REGARDING BEHAVIOR OF THE SUSPECT. STATE V. ROBERTSON, 97-2960 (LA. 10/20/98), 721 SO.2d 1268, 1270; THE WITNESS TESTIFIED THAT THEY DIDN HAVE THE NAME OF THE ANONYMOUS TIP, AND THEY DIDN PUT THE DEFENDANT IN A LINE UP.

WHEN OFFICER MADE THE TRAFFIC STOP HE TESTIFIED THAT DEFENDANT WAS SWEATING VERY BAD AND THAT HE TOOK PICTURES, BUT WHEN THE PICTURES WAS SHOWN IN COURT AS PART OF A TESTIMONY AND DEFENDANT WAS NOT SWEATING THAT BAD.

OUR FIRST CASES ESTABLISHING THE AUTOMOBILE EXCEPTION TO THE FOURTH AMENDMENT WARRANT REQUIREMENT, AN EXIGENCY TO EXCUSE FAILURE TO OBTAIN A SEARCH WARRANT DUE *882, PROBABLE CAUSE TO CONDUCT THE SEARCH IS CLEAR. STATE V. KALIE 699 SO. 2d 879, 96-2650 LA. 9/19/97, (LA. 1997).

ARGUMENT OF ERROR #3:

THE DEFENDANT ARGUMENT IS THAT THE STATE FAILED TO PROVE THAT THE FIRE WAS THE RESULT OF A CRIMINAL ACT, i.e., THAT THE FIRE WAS DELIBERATELY SET OR WAS OF OTHER THAN ACCIDENTAL ORIGIN. THE FIRE MARSHAL FOUND NO EVIDENCE OF THE USE OF ACCELERANTS IN THE FIRE, AND NO WITNESS SAW DEFENDANT SET THE FIRE.

ABSENT REASONABLE SUSPICION, AN INVESTIGATORY STOP IS ILLEGAL AND THE EVIDENCE SEIZED AS A RESULT IS SUPPRESSIBLE. U.S.C.A. CONST. AMEND. 4; LSA-CONST. ART. 1, § 5; LSA-C.CR.P. ART. 215.1.

GENERALLY, TO JUSTIFY AN INVESTIGATORY STOP BASED ON AN INFORMANT'S TIP, THERE MUST BE SOME CORROBORATION OF THE TIP AND THE TIP MUST CONTAIN PREDICTIVE INFORMATION REGARDING THE FUTURE BEHAVIOR OF THE REPORTED SUSPECT. U.S.C.A. CONST. AMEND. 4; LSA-CONST. ART. 1, § 5; LSA-C.CR.P. ART. 215.1.

## PRAYER

**IT IS THEREFORE PRAYED** that this Honorable Court, in exercise of its supervisory authority, find that the Trial Court erred in, remanding the case back to the Trial Court for further proceedings and/or granting general and equitable relief.

Carl Duperon
CARL DUPERON,
Applicant Pro-Se

## CERTIFICATE OF SERVICE

I, Carl Duperon, Applicant/Applicant in the forgoing Application for Supervisory Writs, hereby certify that a true and correct copy of the foregoing has been forwarded to all opposing parties by placing same in the U.S. Mails, postage prepaid and properly affixed to the Clerk of Court in and for the 1st Circuit Court of Appeals to serve upon all opposing parties on this ____ day of ______________ 2012.

Carl Duperon
CARL DUPERON,
Applicant Pro-Se

## AFFIDAVIT OF VERIFICATION

**BEFORE ME, THE UNDERSIGNED NOTARY,** came the undersigned Carl Duperon, Applicant in the foregoing Application for Supervisory/Remedial Writs, who hereby does depose and say that he has read the foregoing, and that all information contained herein are true and correct to the best of his information, knowledge, and beliefs.

Carl Duperon
CARL DUPERON,
Applicant Pro-Se

**SWORN TO AND SUBSCRIBED BEFORE ME, THE UNDERSIGNED NOTARY THIS** 20th **DAY OF** June, **2012, IN CONCORDIA PARISH LOUISIANA.**

Shelia Spinner
**NOTARY PUBLIC**

SHELIA SPINNER
EX-OFFICIO
NOTARY PUBLIC
ID #131969
STATE OF LOUISIANA

KATHRYN LANDRY SPECIAL APPEALS COUNSEL

**COURT OF APPEAL FOR THE FIRST CIRCUIT**

**STATE OF LOUISIANA**

---

**NO. 2012-KA-0810**

---

**STATE OF LOUISIANA**

**Plaintiff/Appellee**

**VERSUS**

**CARL A. DUPERON**

**Defendant/Appellant**

---

**ON APPEAL FROM THE 22ND JUDICIAL DISTRICT COURT**
**PARISH OF ST. TAMMANY**
**DOCKET NO. 509240; DIV. "J"**

---

**THE HONORABLE WILLIAM J. KNIGHT, Judge**
**PRESIDING**

---

**ORIGINAL BRIEF ON BEHALF OF**
**THE STATE OF LOUISIANA, PLAINTIFF-APPELLEE**

---

Respectfully submitted:

**STATE OF LOUISIANA**
WALTER P. REED, District Attorney
22nd Judicial District Court

By: ______________________
KATHRYN LANDRY, Bar No. 19229
Special Appeals Counsel
Post Office Box 82659
Baton Rouge, LA 70884-2659
Telephone: (225) 766-0023
Facsimile: (225) 766-7341

**(CRIMINAL APPEAL)**

**TABLE OF CONTENTS**


| | Page |
|---|---|
| Table of Contents | ii |
| Table of Authorities | iii |
| Argument | 1 |
| Conclusion | 4 |
| Certificate of Service | 4 |

# TABLE OF AUTHORITIES

## LOUISIANA STATUTES:

## LOUISIANA CASES:

State v. Bradley, 791 So.2d 156 (La. App. 5 Cir. 2001) .................... -3-

State v. Johnson, 815 So.2d 809 (La. 2002) ............................ -3-

State v. Lawrence, 925 So.2d 727 (La. App. 2 Cir. 2006) ................. -3-

State v. Marzett, 40 So. 3d 1204 (La. App. 4 Cir. 2010) .................. -3-

State v. Sanchez, 39 So.3d 834 (La. App. 1 Cir. 2010) .................. -1-

State v. Surtain, 31 So.3d 1037 (La. 2010) ........................... -3-

State v. Williams, 977 So. 2d 1101, 1111 (La. App. 4 Cir. 2008) ........... -2-

## UNITED STATES SUPREME COURT CASES:

Adams v. Williams, 407 U.S. 143,. 144, 147-48, 92 S. Ct. 1921, 32 L. Ed. 2d 612 (1972) ....................................................... -3-

wearing a light colored shirt possibly setting fire to a small blue building next to the Camellia Cafe. Ofr. Dupuy was one of the responding officers, but he could not locate a small blue building next to the cafe. As he continued to patrol the area, a short distance from the cafe, he noticed a black male pull out of a residential driveway in a vehicle. This caught the officer's attention because he believed, based upon his knowledge of the area, that the house at issue was vacant. Based upon all of this information, Ofr. Dupuy stopped defendant's vehicle. *See* testimony of Ofr. Dupuy, record at p. 177-179, 184-185. When defendant exited the vehicle, Ofr. Dupuy noticed he was sweating profusely, he matched the description given by the passing motorist and he could smell smoke on defendant. Ofr. Dupuy notified other officers to check the house, and one of the officers reported smoke from the back of the house. Defendant was arrested, and upon conducting a search of the vehicle incident to arrest, the officers found a cigarette lighter on the console and a Sprite bottle containing a liquid that smelled like gasoline. *See* testimony of Ofr. Dupuy, record at p. 179-182.

In this case, the officer had a report of an ongoing crime (one which could cause injury or death) and a description of the alleged perpetrator. As he was patrolling the area where the crime was reported, he noticed a man who met the description given, leaving a residence which the officer believed to be vacant. "Reasonable suspicion" sufficient to effect a stop has been defined as something less than probable cause for arrest; a reviewing court must look to the facts and circumstances of each case to determine whether a detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect's rights. State v. Williams, 977 So. 2d 1101, 1111 (La. App. 4 Cir. 2008). The constitutional validity of a warrantless search is pre-eminently the sort of question which can only be

decided in the concrete factual context of the individual case. The determination of reasonable suspicion for an investigatory stop or probable cause for an arrest turns on a completely objective evaluation of all the circumstances known to the officer at the time of his action. State v. Surtain, 31 So.3d 1037 (La. 2010).The officer's past experience, training and common sense may be considered in determining if his inferences from the facts at hand were reasonable, and deference should be given to the experience of the officers present at the time of the incident. State v. Marzett, 40 So. 3d 1204 (La. App. 4 Cir. 2010). The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. Adams v. Williams, 407 U.S. 143, 145-146, 92 S. Ct. 1921, 32 L. Ed. 2d 612 (1972). In determining whether the police possessed the requisite "'minimal level of objective justification'" for an investigatory stop based on reasonable suspicion of criminal activity, reviewing courts "must look at the 'totality of the circumstances' of each case," a process which "allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that 'might well elude an untrained person.'" The assessment by a reviewing court of the cumulative information known to the officers avoids a "divide-and-conquer analysis" by which the whole becomes less than the sum of its parts because each circumstance examined individually may appear "readily susceptible to an innocent explanation." State v. Johnson, 815 So.2d 809 (La. 2002). (Citations omitted).

A trial court's decision to deny a motion to suppress evidence is afforded great weight and will not be set aside unless a preponderance of the evidence clearly favors suppression. State v. Bradley, 791 So.2d 156 (La. App. 5 Cir. 2001); State v.

Lawrence, 925 So.2d 727 (La. App. 2 Cir. 2006). The State submits the trial court correctly denied the motion herein, and this assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, the State of Louisiana respectfully requests that the conviction and sentence herein be affirmed.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Original Brief on Behalf of The State of Louisiana has been mailed to the opposing counsel herein:

Bertha Hillman
410 St. Phillip St.
Thibodaux, LA 70301

Baton Rouge, Louisiana this 9th day of July, 2012.

KATHRYN LANDRY

APPEAL JUDGMENT

# LOUISIANA APPELLATE PROJECT

Providing appellate defense in capital, felony cases

James H. Looney
Executive Director
P. O. Box 3340
Covington, LA 70434
(985) 892-1707

Gwendolyn K. Brown
Regions 1&5 Supervisor
P. O. Box 64962
Baton Rouge, LA 70821
(225) 922-9570

Bertha M. Hillman
Appellate Attorney
410 St. Phillip Street
Thibodaux, LA 70301
(985) 446-5480

December 24, 2012

Mr. Carl Duperon DOC # 101335
Concordia Parish Correctional Center
26356 Hwy. 15
Ferriday, LA 71334-4531

Dear Mr. Duperon

We have received the decision of the Court of Appeal. The Court of Appeal has affirmed your conviction and sentence. A copy of the decision is enclosed for your records.

You can file an application for writs to the Louisiana Supreme Court. We will not do so. Indeed, this action by the appellate court ends our work on your behalf. It is our considered professional opinion that such an application would not be granted, based on the consideration of the Supreme Court rules. If you choose to file such an application, you will have to file it within thirty (30) days of the date on the decision. The prison library has forms and court rules on how to file such applications. There may be some help available to you in the prison or you may retain an attorney to handle this application.

We would call to your attention the provisions of C.Cr.P., Art. 930.8 which require that any application for post conviction relief be filed within two (2) years of the final judgment by the appellate court on your appeal. Such applications must be submitted on the forms available at the prison.

Federal law mandates that any habeas corpus proceeding filed to contest the conviction be filed within one (1) year of the final decision on appeal, excluding the time any State post conviction relief application is pending, so this is a shorter and serious deadline.

Post conviction and habeas applications are not something handled by the Louisiana Appellate Project. So we are offering no evaluation of your case for these types of claims – not suggesting that you should or should not file

an application. If you decide to explore this possibility, your choices are to handle the matter yourself, seek the assistance of inmate counsel, or retain an attorney.

Time is important, if you wish to make any further attack on your conviction since you will be barred if these deadlines are not met.

Sincerely,

Bertha M. Hillman

Bertha M. Hillman

encl

**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2012 KA 0810

STATE OF LOUISIANA

VERSUS

CARL A. DUPERON

Judgment Rendered: DEC 2 1 2012

* * * * * * *

APPEALED FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT
IN AND FOR THE PARISH OF ST. TAMMANY
STATE OF LOUISIANA
DOCKET NUMBER 509240, DIVISION "J"

HONORABLE WILLIAM J. KNIGHT, JUDGE

* * * * * * *

| | |
|---|---|
| Walter P. Reed<br>District Attorney<br>Covington, Louisiana<br>and<br>Kathryn W. Landry<br>Special Appeals Counsel<br>Baton Rouge, Louisiana | Attorneys for Appellee<br>State of Louisiana |
| Bertha M. Hillman<br>Thibodaux, Louisiana | Attorney for Defendant/Appellant<br>Carl A. Duperon |
| Carl A. Duperon<br>Ferriday, Louisiana | Pro-Se |

**BEFORE: KUHN, PETTIGREW, AND McDONALD, JJ.**

**McDONALD, J.**

Defendant, Carl Anthony Duperon, was charged by bill of information with one count of aggravated arson, a violation of La. R.S. 14:51. He pled not guilty and, after a jury trial, was found guilty as charged. The trial court denied defendant's motions for new trial and postverdict judgment of acquittal, and he was sentenced to imprisonment at hard labor for eighteen years, with the first two years of his sentence to be served without benefit of parole, probation, or suspension of sentence. The trial court subsequently denied defendant's motion to reconsider sentence. He now appeals, alleging one counseled assignment of error and three pro se assignments of error. For the following reasons, we affirm defendant's conviction and sentence.

## FACTS

Around 9:30 p.m. on June 5, 2011, Lieutenant Kevin Dupuy of the Slidell Police Department received a complaint from a motorist that a thin black male in a light-colored shirt appeared to be attempting to set fire to a small, blue building on U.S. Highway 190 West.[1] According to the motorist, the blue building was near Camellia Cafe.

Upon initially responding to the complaint, Lieutenant Dupuy and other officers were unable to locate a small, blue building in the immediate vicinity of Camellia Cafe. As he was canvassing the general area, Lieutenant Dupuy saw a silver BMW pull out of the driveway of what he believed to be a vacant residence at 826 Gause Boulevard West, approximately two blocks from Camellia Cafe. After following the BMW for approximately two blocks, Lieutenant Dupuy executed a traffic stop of the vehicle, which was being driven by defendant.

When defendant exited the vehicle, Lieutenant Dupuy observed that he matched the description of the black male from the motorist's complaint. Notably,

[1] This portion of U.S. Highway 190 West is also known as Gause Boulevard West.

defendant was thin and wearing a pink shirt. In response to Lieutenant Dupuy's questioning, defendant admitted that he had come from the residence at 826 Gause Boulevard West, stating that he was looking for a friend who owed him money. At that time, Lieutenant Dupuy looked into the interior of defendant's vehicle, and he saw an open Budweiser beer can on the driver's side floorboard and a mop bucket containing a two-liter Sprite bottle, which itself held a clear liquid on the passenger's side floorboard. Lieutenant Dupuy radioed the other responding officers and asked them to check the residence at 826 Gause Boulevard West for any potential signs of arson. Shortly thereafter, Deputy Jacob Morris informed Lieutenant Dupuy that smoke was emanating from the back side of the house. Lieutenant Dupuy immediately placed defendant under arrest.

Deputy Morris and another responding officer put out the fire, described as "a small to medium size flame," with a fire extinguisher. As Deputy Morris was attempting to extinguish the fire, the owner of the residence opened her window and asked the officers why they were on her property, as she was unaware that her home was on fire.

After his arrest, defendant was transported to the police station for questioning. Defendant was read his **Miranda**[2] rights and then interviewed by Detective Brian Brown. Defendant repeated to Detective Brown the story he had told Lieutenant Dupuy about searching for a friend who owed him money. Detective Brown then informed defendant that Lieutenant Dupuy had opened the two-liter bottle from his car and found that the liquid inside smelled like gasoline. In response, defendant told Detective Brown that he used it when he would weed eat for people. However, defendant did not respond when Detective Brown told him that weed eaters often use a gas and oil mixture. Upon further observation, Detective Brown noticed that defendant's clothing smelled faintly of smoke and

---

[2] **Miranda v. Arizona**, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

that defendant appeared to have lighter burns on the tips of his fingers. A lighter was among the items seized from defendant's vehicle.

At trial, St. Tammany Parish fireman Donald Keith Estes testified as an expert in arson investigation. In his opinion, the fire at 826 Gause Boulevard West had been set intentionally, but no combustible liquids or accelerants were used to start the fire. Further, he stated that if the fire had not been spotted when it was, the entire structure would have erupted into flames quickly. For that reason, he concluded that the fire had only been burning for a short period of time. Mr. Estes also testified that the fire could have been started with a lighter alone.

## MOTION TO SUPPRESS

In his only counseled assignment of error, defendant asserts that the trial court erred in denying his motion to suppress evidence seized from his vehicle without a warrant because Lieutenant Dupuy did not have reasonable suspicion that defendant had committed a crime when he conducted the traffic stop. In his second pro se assignment of error, defendant makes a similar argument in alleging that there was no corroboration of the anonymous tip before the traffic stop.

Under the Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution, a search conducted without a warrant is per se unreasonable, subject only to a few specifically established and well-delineated exceptions. **State v. Griffin**, 2007-0974 (La. App. 1st Cir. 2/8/08), 984 So.2d 97, 109. Moreover, when challenged by a motion to suppress, the State bears the burden of proving the admissibility of evidence seized without a warrant. La. C.Cr.P. art. 703(D); **State v. Warren**, 2005-2248 (La. 2/22/07), 949 So.2d 1215, 1226. A trial court's ruling on a motion to suppress is entitled to great weight, because the court had the opportunity to observe the witnesses and weigh the credibility of their testimony. **State v. Jones**, 2001-0908 (La. App. 1st Cir. 11/8/02), 835 So.2d 703, 706, writ denied, 2002-2989 (La. 4/21/03), 841 So.2d

791. Consequently, when a trial court denies a motion to suppress, factual and credibility determinations should not be reversed in the absence of a clear abuse of the trial court's discretion, i.e., unless such ruling is not supported by the evidence. **State v. Green**, 94-0887 (La. 5/22/95), 655 So.2d 272, 281. However, a trial court's legal findings are subject to a de novo standard of review. See **State v. Hunt**, 2009-1589 (La. 12/1/09), 25 So.3d 746, 751. Further, the entire record, not merely the evidence adduced at the motion to suppress hearing, is reviewable by the appellate court in considering the correctness of a ruling on a pretrial motion to suppress. See **State v. Francise**, 597 So.2d 28, 30 n.2 (La. App. 1st Cir.), writ denied, 604 So.2d 970 (La. 1992).

Prior to trial, defendant filed a motion to suppress the evidence seized from his vehicle on the grounds that "the searches and/or seizures involved herein: 1. Were effected pursuant to an invalid arrest warrant; 2. Were not made incident to a lawful arrest; 3. Were conducted absent exigent circumstances; 4. Were not pursuant to the 'plain view' doctrine; 5. Were conducted without the defendant's consent; or 6. Were not made in a 'close pursuit' situation." Thus, defendant's sole relevant contention in his motion to suppress addressed only the assertion that the actual search of his vehicle "was conducted without the authority of a valid search warrant." After the hearing on defendant's motion to suppress, the trial court concluded that the evidence found in defendant's vehicle "was seized adjacent to arrest" and not subject to suppression.

Though defendant now argues on appeal that Lieutenant Dupuy did not have reasonable suspicion to believe that defendant had committed a crime when he conducted the traffic stop, and further that Lieutenant Dupuy had not corroborated the anonymous tip before conducting the traffic stop, the defendant did not raise these arguments to the trial court. It is well settled that a new basis or ground for the motion to suppress cannot be articulated for the first time on appeal. **State v.**

excludes every reasonable hypothesis of innocence. **State v. Patorno**, 2001-2585 (La. App. 1st Cir. 6/21/02), 822 So.2d 141, 144.

Aggravated arson is the "intentional damaging by any explosive substance or the setting fire to any structure, watercraft, or movable whereby it is foreseeable that human life might be endangered." La. R.S. 14:51. Defendant does not appear to dispute that a fire occurred at 826 Gause Boulevard West, or that human life was endangered as a result of that fire. Instead, he seems to argue that his statements to Detective Brown alone cannot establish his culpability and that there is no other evidence linking him to the fire or to show that the fire was intentionally set.

We agree with defendant's contention that he could not be convicted on his own uncorroborated confession without proof that a crime has been committed by someone. See **State v. Celestine**, 452 So.2d 676, 678 (La. 1984). However, under the circumstances of this case, we doubt that defendant's statements to Detective Brown should in any sense be considered a "confession." Defendant's statements amounted to his story that he went to the residence looking for a friend who owed him money, his stating that he possessed gas because he performed weed eating services for people, and his claims that the burn marks on his hands were old scars and not recent injuries. On their face, these statements do not rise to the level of an "uncorroborated confession" because defendant never admits any responsibility for the offense. If these statements had been the only evidence of defendant's guilt offered at trial, any rational jury should have found the defendant not guilty.

Discussion of defendant's first pro se assignment of error necessarily dovetails with consideration of his third pro se assignment of error, which claims that the State failed to prove that any criminal act whatsoever occurred. Under the Louisiana *corpus delicti* rule, an accused cannot be convicted on the basis of his own uncorroborated confession without proof that a crime has been committed by someone. This independent proof need not go to every element of the offense, and

it may be either direct or circumstantial in nature. The prosecution must show that the injury specified in the crime occurred and that the injury was caused by someone's criminal activity. See **State v. Thibodeaux**, 98-1673 (La. 9/8/99), 750 So.2d 916, 926-27, cert. denied, 529 U.S. 1112, 120 S.Ct. 1969, 146 L.Ed.2d 800 (2000).

In the instant case, Mr. Estes testified that the fire at 826 Gause Boulevard West was intentionally set, as opposed to an accidental or spontaneous fire. Mr. Estes also indicated that the fire had only been burning for a short period of time and that it could have been ignited with only a lighter. This uncontroverted testimony was itself sufficient to allow the jury to conclude that the fire occurred as a result of someone's criminal act. Lieutenant Dupuy's observation of defendant pulling out of the residence's driveway, as well as defendant's own statements to Detective Brown, were sufficient to allow the jury to conclude based on circumstantial evidence that defendant was present at the residence when the fire started. Finally, considering that defendant's clothing smelled like smoke and that his fingertips appeared to be burned, the jury did not act irrationally in concluding that defendant actually set fire to the residence at 826 Gause Boulevard West.

Viewed in the light most favorable to the prosecution, the evidence was sufficient to support a finding that defendant was guilty of aggravated arson. Lieutenant Dupuy observed defendant leaving the occupied residence where the fire occurred shortly before other officers discovered the flames, and Mr. Estes established the fact that the fire had been set intentionally. These assignments of error are without merit.

For the foregoing reasons, we affirm defendant's conviction and sentence.

**CONVICTION AND SENTENCE AFFIRMED.**

DISTRICT ATTORNEY ANSWER FOR POST-CONVICTION

FILED
JUL 25 2013
MALISE PRIETO-CLERK
Deputy

STATE OF LOUISIANA NO. 506121H

VS. 22ND JUDICIAL DISTRICT

LLOYD EMERY HEISLER PARISH OF ST. TAMMANY

DISTRICT ATTORNEY'S ANSWER TO
PETITION FOR POST CONVICTION RELIEF

NOW INTO COURT, Through the undersigned Assistant District Attorney, comes: ROBERT TANNER, (Warden), and for answer to the application for post conviction relief filed by the defendant herein with respect represents that:

STATEMENT OF THE CASE

This defendant was charged by bill of information with a fourth offense driving while intoxicated (DWI) which is a violation of R.S.14:98. Following a jury trial, the defendant was found guilty as charged. He was sentenced to fifteen years DOC with three years of that sentence to be served without benefits. He was also given a $5,000.00 fine. He appealed to the First Circuit Court of Appeal and that court by judgment rendered September 21, 2012 affirmed the conviction but vacated the sentence because the three years without benefits was not allowed under the statute. On November 5, 2012, this court re-sentenced him to fifteen years DOC without benefit of parole for the first two years.

In this petition for post conviction relief, the defendant alleges two claims which are both related to the initial stop by the police officers. They will be answered as one claim.

showing on one of the components. State vs. Serigny 610 So.2nd 857,859-60 (La.App.1st Cir. 1992), writ denied, 614 So.2nd 1263 (La.1993).

-The facts in this case were recited in the Court of Appeal decision and briefly consist of the following. This defendant was riding as a passenger in a vehicle being driven by another person. The driver pulled off to the side of the road on a service road. A sheriff's Deputy, Troy White, observed the truck pull onto the shoulder and come to a stop. He pulled in behind the vehicle with the intention of checking on the safety of its occupants. As the deputy stopped his vehicle, the original driver of the truck exited and began to walk past the patrol unit. The original driver appeared to be upset and Deputy White asked him to approach. The driver did so and the deputy began a conversation with him about why he had stopped on the side of the road. As the deputy walked the driver toward his patrol vehicle, he observed the defendant, Heisler, exit from the passenger side of the truck and re-enter the truck on its driver's side. He yelled at the defendant to remain in the passenger's seat but defendant did not comply and instead drove away from the scene in the truck. Deputy White began a pursuit of the defendant's vehicle and finally pulled him over. As the defendant exited the vehicle, the deputy noticed that he was very unsteady on his feet and had a strong odor of alcohol. He was arrested, given his Miranda rights and a breath alcohol test. He produced a result of . 231% which is almost three times the legal limit. Obviously, this was a valid stop since the defendant disobeyed a direct order from the police officer to remain in the truck. This order was valid for several reasons including the fact that the defendant ran off and left the former driver. The subsequent pursuit and and stop of the defendant was well within the limits of the officer's authority. Any motion to suppress if it had been filed would certainly have been denied therefore, there is no ineffective assistance of counsel.

CONCLUSION

For the reasons cited above, these claims have no merit and should be dismissed without a hearing.

Respectively submitted,

WALTER P. REED
DISTRICT ATTORNEY
by:

DALE E. BRANCH
ASSISTANT DISTRICT ATTORNEY
905 PEARL STREET
FRANKLINTON, LA 70438
1/985/839-6711
1/985/839-7860 (Fax)
BAR ROLL NO. 3390

| | |
|---|---|
| STATE OF LOUISIANA | NO. 506121H |
| VS. | 22ND JUDICIAL DISTRICT |
| LLOYD EMERY HEISLER | PARISH OF ST. TAMMANY |

CERTIFICATE

I CERTIFY THAT THE FOREGOING ANSWER WAS SERVED ON Lloyd Emery Hensley #480259, Rayburn Correctional Center, 27268 Hwy. 21, Angie, LA 70426-3030 by placing a copy of same in the United States mail postage prepaid addressed to him.

July 28th, 2013

Dale E. Branch
Assistant District Attorney

POST-CONVICTION JUDGMENT

*Malise Prieto*
Clerk of Court
22nd Judicial District
Parish of St. Tammany

P.O. Box 1090
Covington, LA 70434
(985) 809-8700

August 15, 2013

CARL A. DUPERON- DOC# 101335
DIXON CORRECTIONAL INSTITUTE
DORM 1-B-40 UNIT-2
P.O. BOX 788
JACKSON, LA. 70748

Re: DIVISION J
State of La.
Vs. #509240
CARL ANTHONY DUPERON

Dear Sir/Madam:

Enclosed, Please find a certified copy of the Judgment prepared by Judge William Knight in response to your Application for Post Conviction Relief.

Yours very truly,

Fadra White
Deputy Clerk

STATE OF LOUISIANA

VERSUS

CARL ANTHONY DUPERON

NO. 509240"J"

22ND JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY

STATE OF LOUISIANA

FILED: Aug. 14, 2013

DEPUTY CLERK

## REASONS FOR JUDGMENT

On July 9, 2013, petitioner Carl Duperon filed an application for Post Conviction Relief. On July 12, 2013, the Court ordered the State to file an answer or procedural objections thereto. On July 25, 2013, the State filed its answer. After considering the application for Post Conviction Relief, the State's answer, and the applicable law, the Court now renders the following reasons for judgment denying petitioner Carl Duperon's Application for Post Conviction Relief.

Defendant Duperon was found guilty of aggravated arson after a jury trial. He was later sentenced to twenty years as a third felony offender. His conviction and sentence were affirmed by the First Circuit Court of Appeal on December 21, 2012. In his application, petitioner Duperon raises three claims of relief: ineffective assistance of counsel and that the clerk failed to forward transcripts to appellate counsel.

First, petitioner states that his trial counsel failed to challenge evidence and witness testimony at trial and that counsel failed to investigate evidence which would have supported petitioner's case. However, petitioner Duperon fails to identify with specificity what these challenges and/or investigations would have revealed and how the outcome of the trial would have been different. Petitioner can not support a claim of ineffective assistance of counsel by merely relying on conclusory allegations. The Court finds that petitioner Duperon has failed to carry his burden of proving that his counsel was ineffective, and the Court dismisses this claim asserted by petitioner Duperon in its entirety.

Petitioner Duperon next claims that his appellate counsel was ineffective because she did not have the transcripts relative to this matter when she was preparing petitioner's appellate brief. It is clear from the attached letters from appellate counsel to petitioner that counsel received the entire record from the appellate court which contained the relevant transcripts. Therefore, the Court finds that this claim is likewise without merit and it is denied.

Petitioner Duperon's third claim is that the clerk of court failed to send him a copy of the court transcripts. This is simply not an appropriate basis for post conviction relief. The Court denies this claim in its entirety.

Accordingly, the Court denies petitioner Carl Duperon's Application for Post Conviction Relief in its entirety.

Covington, Louisiana, this 14th day of August, 2013.

William J. Knight, Judge
22nd Judicial District, Division "J"

A TRUE COPY
DY CLERK 22nd Jud. Dist. Court
ST. TAMMANY PARISH, LA

STATE OF LOUISIANA

VERSUS

CARL ANTHONY DUPERON

FILED: Aug 14, 2013

NO. 509240 "J"

22ND JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY

STATE OF LOUISIANA

DEPUTY CLERK

**JUDGMENT**

In accordance with the foregoing Reasons for Judgment;

IT IS ORDERED, ADJUDGED, AND DECREED that petitioner Carl Duperon's Application for Post Conviction Relief be and is hereby denied and dismissed in its entirety.

Covington, Louisiana, this 14th day of August, 2013.

William J. Knight, Judge
22nd Judicial District, Division "J"

A TRUE COPY

DY CLERK 22nd Jud. Dist. Court
ST. TAMMANY PARISH, LA

CARL DUPERON #101335
D.C.I. UNIT-2-DORM-1
P.O. BOX 788
JACKSON, LA. 70748

UNITED STATES POSTAGE
PITNEY BOWES
02 1P $ 05.60⁰
0002099895 FEB 07 2014
MAILED FROM ZIP CODE 70748

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
500 CAMP STREET, ROOM C-151
NEW ORLEANS LA. 70130