**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CARL DUPERON** | **CIVIL ACTION NO. 14-0323** |
| **VERSUS** | **SECTION "B"** |
| **WARDEN DARRELL VANNOY** | **MAGISTRATE (4)** |

# MEMORANDUM IN OPPOSITION TO APPLICATION FOR HABEAS CORPUS

**MAY IT PLEASE THE COURT:**

This Memorandum is filed on behalf of Water Reed, District Attorney for the Parish of St. Tammany, State of Louisiana in opposition to the application for habeas corpus relief filed by petitioner herein.

## STATEMENT OF THE CASE

Petitioner, Carl Duperon (hereinafter referred to as "Duperon"), is a state court prisoner incarcerated following a guilty verdict of one count of aggravated arson. Duperon was sentenced to eighteen years imprisonment, the first two years without benefit of parole,

probation or suspension of sentence. The First Circuit Court of Appeal affirmed the conviction and sentence. No further review was sought.

**LAW AND ARGUMENT**

**Timeliness and Exhaustion**

The federal habeas corpus application filed herein by petitioner must be filed in accordance with the requirements of 28 U.S.C. 2244, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA applies to this case since it was filed after the enactment of the AEDPA, which became effective on April 24, 1996. Leonard v. Hubert, 2001 WL 333123 (E.D. La. 2001). The AEDPA established a one (1) year statute of limitations for the filing of federal habeas applications. 28 U.S.C. 2244(d)(1).

Pursuant to 28 U.S.C. §2244(d)(1)(A), this one year statute of limitations runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. In this case, the First Circuit Court of Appeal affirmed petitioner's conviction and sentence on December 21, 2012. No further review of that ruling was sought. Accordingly, the State submits Duperon's conviction became final for AEDPA purposes on January 21, 2013, when his thirty day period for seeking review with the Louisiana Supreme Court expired. This habeas application was signed less than one year later, on January 9, 2013, and accordingly, this action is timely.

**Exhaustion of State Court Remedies**

The exhaustion doctrine, generally codified in 28 U.S.C. 2254(b) and (c), requires that a state prisoner's entire federal habeas petition be dismissed unless his state remedies have

been exhausted as to all claims raised in the federal petition. Graham v. Johnson, 94 F.3d 958 (5th Cir. 1996). *See also* Alexander v. Johnson, 163 F.3d 908 (5th Cir. 1998), which held that a habeas petition containing both exhausted and non-exhausted claims is a mixed petition which should be dismissed without prejudice. Generally, the exhaustion requirement is satisfied only when the specific constitutional grounds urged in a federal habeas petition were fairly presented to the State's highest court. Mercandel v. Cain, 179 F.3d 271 (5th Cir. 1999).

Duperon raises the following claims herein: (1) investigations would have revealed a different outcome at trial; (2) ineffective assistance of appellate counsel for relying on conclusory allegations; (3) ineffective assistance of appellate counsel for failure to obtain transcripts; and (4) failure of the clerk of court to get transcripts. The State submits that claims one and two were not raised to the state court. Claim three was raised in the application for post-conviction relief, but no further review was sought with the appellate courts. Claim four was raised in the direct appeal and in the application for post-conviction relief, but no further review was sought with the appellate courts. Petitioner admits in his petition that he did not seek review by the Louisiana Supreme Court of the appeal, and he did not seek appellate review of the denial of his application for post-conviction relief.

The State submits this action should be dismissed, without prejudice, for failure to exhaust state court remedies. Nevertheless, the State will also address the merits of the claims.

**Standard of Review**

This Petition for Writ of Habeas Corpus was filed pursuant to 28 U.S.C. 2254, which provides that an application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall only be entertained on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. A federal court may grant a writ of habeas corpus only if a state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the United States Supreme Court has on a set of materially indistinguishable facts. Absent such a direct conflict with the United States Supreme Court, the writ of habeas corpus is available only if the state court unreasonably applies clearly established federal law, as determined by the United States Supreme Court, to the facts of the prisoner's case, or makes an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. The standard is one of objective reasonableness. Montoya v. Johnson, 226 F.3d 399 (5th Cir. 2000). Furthermore, state court factual determinations shall be presumed correct unless rebutted by "clear and convincing evidence". Williams v. Cain, 125 F.3d 269 (5th Cir. 1997).

In Cullen v. Pinholster, docket no. 09-1088, 131 S.Ct. 1388 (2011), the Supreme Court addressed the issue of "whether review under §2254(d)(1) permits consideration of evidence introduced in an evidentiary hearing before a federal habeas court". *Id* at 1398. The Court held that review under §2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits". *Id* at 1398. §2254(d)(1) applies to

claims that were adjudicated on the merits in state court proceedings and provides that a federal habeas application shall not be granted with respect to such claim, unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"Section 2254(d) applies even where there has been a summary denial." Pinholster, *supra* at 1402. In these circumstances, a petitioner "can satisfy the 'unreasonable application' prong of §2254(d)(1) only by showing that 'there was no reasonable basis'" for the state court's decision. Pinholster, *supra* at 1402.

The State submits that review in this case is limited to the record that was before the state court, and no evidentiary hearing should be held herein.

**Claim 1 - Investigations Would Have Resulted in Different Trial Outcome**

In his first claim, petitioner alleges investigations would have revealed a different outcome at trial. However, he fails to allege whether he is referring to investigations by the police or by his trial attorney. In either case, petitioner does nothing more than make a conclusory allegation that the outcome would have been different. Petitioner has not alleged and has not met his burden of proving the ruling of the state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or that it resulted in a decision that

was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. The State submits this claim is without merit.

**Claims 2 - 3 - Ineffective Assistance of Counsel**

In his second and third claims asserted herein, petitioner argues he received ineffective assistance of appellate counsel for raising conclusory allegations and failing to obtain the necessary transcripts.

In order to establish an ineffective assistance of counsel claim, petitioner must meet the two prong test set forth in Strickland v. Washington, 466 U.S. 688, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984). In order to prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient, meaning that counsel made errors so serious that he was not functioning as the counsel guaranteed the defendant by the Sixth Amendment, and that counsel's errors prejudiced the defense. In evaluating the performance of counsel, the inquiry must be whether counsel's assistance was reasonable considering all of the circumstances. The petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

The burden of proof lies with the petitioner, and the petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable professional assistance. An attorney's performance generally carries with it a strong presumption of adequacy and is only deficient if it is objectively unreasonable. An analysis

of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. Lambert v. Cain, 2001 U.S.Dist. Lexis 3487 (E.D. La. 2001).

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." "Judicial scrutiny of counsel's performance must be highly deferential." Strickland, *supra* 466 U.S. at 689, 104 S.Ct. 2052.

Appellate counsel argued, with specific references to the testimony in the record, that the trial court erred in its ruling on petitioner's motion to suppress. Although petitioner references a letter he received from his counsel regarding the lack of a transcript, it is clear that his counsel had the transcript to prepare the appeal brief. The letter states that counsel did not receive copies of transcripts, but does state that she obtained the court record, which she returned to court upon completion of the brief. That court record contained the transcripts, but as stated by the Louisiana Appellate Project in the information sheet sent to petitioner and included in his attachments, they do not copy the record, but he can obtain a copy directly from the Court of Appeal.

Petitioner has not met his burden of proving the ruling of the state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or that it resulted in a decision that was based on an unreasonable determination of the facts in light

of the evidence presented in the State court proceeding. The State submits these claims are without merit.

**Claim 4 - Clerk of Court Failed to Provide Transcripts**

In his fourth and final claim herein, petitioner argues the Clerk of Court failed to obtain transcripts which affected his appeal. As stated above, the transcripts were contained in the appellate record. His appellate counsel only referenced the fact that she did not receive copies of the transcripts, but used the record and then returned it to the Court of Appeal.

Petitioner has not met his burden of proving the ruling of the state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. The State submits this claim is without merit.

**CONCLUSION**

For the foregoing reasons, the State respectfully submits that petitioner's Application for Habeas Corpus Relief should be dismissed.

Respectfully submitted:

By: s/Kathryn Landry
KATHRYN LANDRY, Bar No. 19229
P. O. Box 82659
Baton Rouge, LA 70884
Telephone: (225) 766-0023
Facsimile: (225) 766-7341

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been sent via United States mail, postage prepaid, to the opposing party herein:

Carl Duperon #101335
DCI - Unit 2 - Dorm 1
P.O. Box 788
Jackson, LA 70748

Baton Rouge, Louisiana this 30th day of May, 2014.

s/Kathryn Landry
KATHRYN LANDRY