UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARL DUPERON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-0323** |
| **WARDEN DARREL VANNOY** | **SECTION "B" (4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.  Factual and Procedural Background

The petitioner, Carl Duperon ("Duperon") is a convicted inmate incarcerated in the Dixon Correctional Institute in Jackson, Louisiana.[2] On July 28, 2011, Duperon was charged by Bill of Information in St. Tammany Parish with aggravated arson.[3] Duperon entered a plea of not guilty to the charge on August 29, 2011.[4]

The record reflects that, around 9:30 p.m. on June 5, 2011, Lieutenant Kevin Dupuy of the Slidell Police Department received a complaint from a motorist that a thin black male in a

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 3.

[3] St. Rec. Vol. 1 of 3, Bill of Information, 7/28/11.

[4] St. Rec. Vol. 1 of 3, Minute Entry, 8/29/11.

light-colored shirt was attempting to set fire to a small, blue building on U.S. Highway 190, in the area also known as Gause Boulevard.[5] Lieutenant Dupuy and other officers initially had difficulty locating the small, blue building. As he was canvassing the general area, Lieutenant Dupuy saw a silver BMW pull out of the driveway of what he thought was a small, vacant residence at 826 Gause Boulevard. After following the BMW for approximately two blocks, Lieutenant Dupuy executed a traffic stop of the car, which was being driven by Duperon.

When Duperon exited the car, Lieutenant Dupuy could see that he was a thin, black male wearing a pink shirt just as described by the motorist. In response to Lieutenant Dupuy's questioning, Duperon admitted that he had been at the residence at 826 Gause Boulevard where he was looking for a friend who owed him money. Lieutenant Dupuy looked into Duperon's car and saw an open Budweiser can on the driver's side floorboard and a mop bucket holding a two-liter Sprite bottle on the passenger's side floorboard. The Sprite bottle contained a clear liquid. The officer later found and seized a lighter from the car.

Lieutenant Dupuy radioed the other responding officers to check the residence at 826 Gause Boulevard for any potential signs of arson. Deputy Jacob Morris soon responded that smoke was emanating from the back side of the house. Lieutenant Dupuy immediately arrested Duperon.

Deputy Morris and another officer were able to put the small flame out with a fire extinguisher. As Deputy Morris was attempting to extinguish the fire, the owner of the residence called out of the window to ask why the officers were on her property, as she was unaware that her home was on fire.

---

[5]The facts were taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal on direct appeal. *State v. Duperon*, No. 2012-KA-0810, 2012 WL 6681847, at *1-*2 (La. App. 1st Cir. 2012); St. Rec. Vol. 3 of 3, 1st Cir. Opinion, 2012 KA 0810, 12/21/12.

After his arrest, Duperon was taken to the police station and read his *Miranda* rights before being interviewed by Detective Brian Brown. Duperon told Detective Brown that he was searching for a friend who owed him money. Detective Brown informed Duperon that the liquid inside of the Sprite bottle smelled like gasoline. In response, Duperon told Detective Brown that it was for his weed-eater. Duperon did not respond when Detective Brown told him that weed-eaters often use a gas and oil mixture. Upon further observation, Detective Brown noticed that Duperon's clothing smelled faintly of smoke and that he appeared to have lighter burns on the tips of his fingers.

Duperon was tried before a jury on February 13 and 14, 2012, and was found guilty as charged of aggravated arson.[6] At a hearing held on February 23, 2012, the Trial Court denied Duperon's motions for a new trial and for post-verdict judgment of acquittal.[7] After waiver of legal delays, the Court sentenced Duperon to serve eighteen (18) years in prison at hard labor, with the first two years to be served without benefit of parole, probation, or suspension of sentence.[8] The Court also denied Duperon's motion to reconsider the sentence.[9]

On direct appeal, Duperon's appointed counsel argued that the Trial Court erred in denying the motion to suppress the evidence seized from the car without a warrant where there was no reasonable suspicion to make the traffic stop.[10] Duperon also argued on his own behalf that the Trial

---

[6] St. Rec. Vol. 1 of 3, Trial Minutes, 2/13/12; Trial Minutes, 2/14/12; Jury Verdict, 2/14/12; Trial Transcript, 2/13-14/12; St. Rec. Vol. 2 of 3, Trial Transcript (continued), 2/13-14/12.

[7] St. Rec. Vol. 2 of 3, Sentencing Minutes, 2/23/12; Motion for New Trial, 2/16/12; Motion for Post-Verdict Judgment of Acquittal, 2/16/12.

[8] St. Rec. Vol. 4 of 12, Sentencing Minutes, 2/23/12; St. Rec. Vol. 2 of 3, Sentencing Transcript, 2/23/12.

[9] St. Rec. Vol. 1 of 3, Motion to Reconsider Sentence, 2/23/12; Trial Court Order, 3/12/12; Sentencing Minutes, 2/23/12.

[10] *Duperon*, 2012 WL 6681847, at *2; St. Rec. Vol. 3 of 3, 1st Cir. Opinion, 2012 KA 0810, p. 4, 12/21/12.

3

Court erred in denying the motion to suppress where the officer had not corroborated the anonymous tip before making the traffic stop and that the evidence was insufficient to support the verdict.[11]  On December 21, 2012, the Louisiana First Circuit affirmed Duperon's conviction and sentence finding the challenges to the motion to suppress to be procedurally barred from review under La. Code Crim. P. art. 703(F) and 841, and finding no merit in the insufficient evidence claim.[12]

Duperon's conviction and sentence became final thirty (30) days later, on Tuesday, January 22, 2013,[13] because he did not file for rehearing or seek review in the Louisiana Supreme Court.  *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (citing *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003)) (holding appeal is final when the state defendant does not timely proceed to the next available step in an appeal process).

Six months later, on June 25, 2013, Duperon submitted an application for post-conviction relief to the Trial Court in which he raised the following grounds for relief:[14] (1) ineffective assistance of counsel at trial for failure to adequately represent the petitioner; (2) ineffective assistance of appellate counsel for failure to adequately represent petitioner; and (3) the clerk of court failed to get transcripts to appellate counsel to file petitioner's brief.

---

[11]*Id.*, at *2, *3; St. Rec. Vol. 3 of 3, 1st Cir. Opinion, 2012 KA 0810, pp. 4, 6, 12/21/12.

[12]*Id.*, at *3, *5; St. Rec. Vol. 3 of 3, 1st Cir. Opinion, 2012 KA 0810, pp. 4, 6, 12/21/12.

[13]Day thirty (30) was Sunday, January 20, 2013.  The next day, Monday, January 21, 2013, was Martin Luther King Day, a federal and state holiday.  The deadline therefore fell to the next business day, Tuesday, January 22, 2013.  *See* La. Code Crim. P. art. 13 (weekends and holidays not included in calculation when it would be the last day of the period).

[14]St. Rec. Vol. 3 of 3, Uniform Application for Post-Conviction Relief, 7/9/13 (dated 6/25/13).

After receiving a response from the State, the Trial Court denied the application on August 15, 2013, finding the first issue to be conclusory, the second to be factually incorrect, and the third not proper for post-conviction review.[15] Duperon did not seek further review of this ruling.

## II.     Federal Petition

On March 28, 2014, the clerk of this Court filed Duperon's federal petition for habeas corpus relief in which he alleges that the state courts' denial of relief was contrary to federal law on the following issues:[16] (1) investigation into the issues discussed in his *pro se* brief on appeal and in his post-conviction application would have revealed a different outcome at trial; (2) ineffective assistance of counsel at trial for failure to adequately represent the petitioner; (3) ineffective assistance of appellate counsel for failure to adequately represent petitioner and advise him of the deadlines to seek review in the Louisiana Supreme Court; and (4) the clerk of court failed to get transcripts to appellate counsel to file petitioner's brief.

The State filed a response in opposition to Duperon's petition conceding that Duperon's petition was timely filed, although the discussion contains a typographical error with regard to the submission date of Duperon's federal petition and fails to consider tolling benefits arising from Duperon's state court post-conviction filings.[17] The State also urges that Duperon failed to exhaust state court remedies as to all of the claims raised.[18] Alternatively, the State argues that issues raised

---

[15]St. Rec. Vol. 3 of 3, Reasons for Judgment, 8/14/13; Trial Court Judgment, 8/14/13.

[16]Rec. Doc. No. 3.

[17]Rec. Doc. No. 10, p. 2.

[18]Rec. Doc. Nos. 9, 10.

are without merit. Duperon replied to the State's opposition asking the Court to consider his incarceration and limited access to legal materials to excuse his failure to exhaust.[19]

### III.    General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[20] applies to this petition, which is deemed filed in this Court no later than January 9, 2014.[21] The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State concedes and the record reflects that Duperon's federal petition was timely filed. The State also has urged that Duperon failed to exhaust available state court remedies as to all of the claims raised in his federal petition. The Court will address the exhaustion defense as dispositive of Duperon's instant petition.

---

[19]Rec. Doc. No. 11.

[20]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[21]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Duperon's federal habeas petition on March 28, 2013, August 22, 2013, when the filing fee was received. Duperon dated his signature on the petition on January 9, 2014. This is the earliest date appearing in the record on which Duperon could have submitted the pleadings to prison officials for mailing to the court. The fact that he paid the filing fee at a later date does not alter the application of the federal mailbox rule to his *pro se* petition. *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if filing fee was not paid at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

### IV.     Exhaustion Doctrine

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Nobles*, 127 F.3d at 419.  "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing *Rose*, 455 U.S. at 519-20; 28 U.S.C. § 2254(b)(1)(A)).

The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court. *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).  "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78).  "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

For exhaustion purposes, it also is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the state's highest court. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).  Furthermore, a petitioner does not fairly present a claim to the state's highest court if that court must read beyond the petition or brief, such as a lower court

opinion, to find a claim not otherwise specifically raised. *Id*., at 32. When ineffective assistance of counsel is raised in the state courts, the claim is not exhausted where the petitioner did not raise or mention the same basis in the state court proceedings that are asserted in a federal petition. *See Ogan v. Cockrell*, 297 F.3d 349, 358 (5th Cir. 2002) ("Because Ogan is now proceeding on a different theory than that advanced in the state habeas court, we find this ineffectiveness of habeas counsel claim to be unexhausted."); *Burns v. Estelle*, 695 F.2d 847, 849-50 (5th Cir. 1983) (finding factual bases underlying the ineffective assistance of counsel claim were "significantly different" from those raised in state court, and therefore, were not exhausted).

The record reflects that Duperon did not raise his first claim to any of the state courts on direct appeal or on post-conviction review. In addition, the record is clear that the claims raised by Duperon on direct appeal were not pursued through to the Louisiana Supreme Court and his post-conviction claims were not pursued beyond the state trial court. Having failed to seek complete review of his claims through to the Louisiana Supreme Court, none of Duperon's claims were exhausted in the state courts. In fact, Duperon concedes this failure to seek complete review of his claims.

The record discloses no good cause for Duperon's failure to properly and fully exhaust his claims in the state courts, and the Court can find none from its review of the record. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Contrary to his suggestions in his reply memorandum, inmates do not have a general right to assistance of counsel in state post-conviction proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 757 (1991); *Newton v. Quarterman*, 272 F. App'x 324 (5th Cir. 2008). Thus, Duperon's *pro se* status would not excuse his failure to exhaust. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (finding *pro se* status does not constitute "good cause" for failure to exhaust

state remedies); *Josselyn v. Dennehy*, 475 F.3d 1, 5 (1st Cir. 2007) (finding ignorance of the law does not constitute "good cause" for failure to exhaust).

Having found no good cause for his failure to exhaust, this petition should be dismissed without prejudice for Duperon's failure to exhaust available state court remedies.

## V.    Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Duperon's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[22]

New Orleans, Louisiana, this 17th day of October, 2014.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[22]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.