UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CARL DUPERON                                    CIVIL ACTION

VERSUS                                          NO. 14-0323

DARREN VANOY                                    SECTION: "B"(1)

## ORDER AND REASONS

Before the Court is Carl Duperon's ("Petitioner") petition pursuant to 28 U.S.C. § 2254 for writ of habeas corpus.[1] Warden Darren Vannoy ("Respondent") filed an answer and memorandum in opposition to the petition.[2] Petitioner filed a memorandum in opposition to Respondent's answer, and the petition was referred to Magistrate Judge Roby.[3] Magistrate Judge Roby issued a Report and Recommendation on October 17, 2014, wherein she recommended that the petition be dismissed without prejudice.[4] Petitioner filed timely objections to the Magistrate's Report and Recommendation on November 3, 2014.[5]

For the reasons enumerated below, **IT IS ORDERED** that the objections are overruled; the Magistrate's Report and Recommendation is **ADOPTED** and the instant habeas corpus petition is **DISMISSED WITHOUT PREJUDICE.**[6]

---

[1] Rec. Doc. No. 3.
[2] Rec. Doc. Nos. 9, 10.
[3] Rec. Doc. No. 11.
[4] Rec. Doc. No. 12.
[5] Rec. Doc. No. 13.
[6] We are grateful for work on the case by Emma Short, a Loyola University College of Law extern with our Chambers, who is receiving class credit for her work.

Cause of Action and Facts of Case:

The petition arises out of Petitioner's incarceration at the Dixon Correctional Institute in Jackson, Louisiana, stemming from a February 14, 2012, conviction for aggravated arson.[7] Petitioner asserts four claims, alleging that the state courts' denial of relief was contrary to federal law on the following issues: (1) investigation of the issues discussed in his *pro se* brief on appeal would have revealed a different outcome at trial; (2) "ineffective assistant of counsel at trial for failure to adequately represent the petitioner;" (3) "ineffective assistance of appellate counsel for failure to adequately represent the petitioner;" and (4) the clerk of court failed to deliver transcripts to appellate counsel for preparation of Petitioner's brief.[8]

The record reflects that on June 5, 2011, around 9:30 p.m., Lieutenant Kevin Dupuy of the Slidell Police Department received a complaint from a motorist that a thin black male in a light-colored shirt was attempting to set fire to a small, blue building on U.S. Highway 190, in the area also known as Gause

---

[7] Rec. Doc. No. 3; St. Rec. Vol. 1 of 3, Trial Minutes, 2/13/12; Trial Minutes, 2/14/12; Jury Verdict, 2/14/12; Trial Transcript, 2/13-14/12; St. Rec. Vol. 2 of 3, Trial Transcript (continued), 2/13-14/12.

[8] Rec. Doc. No. 3. As stated, Petitioner's claims (2) and (3) are not recognized causes of action. Valid claims for ineffective assistance of counsel at trial include failure to investigate and present an argument or defense or failure to call an important witness. *See Foster v. Lockhart*, 9 F.3d 722, 725 (8th Cir. 1993); *see also Pavel v. Hollins*, 261 F.3d 210, 216-17 (2d Cir. 2001).

Boulevard.[9] While canvassing the area, Lieutenant Dupuy conducted a traffic stop of a car being driven by the Petitioner that he saw exit the driveway of what he thought was a vacant residence at 826 Gause Boulevard.[10]

When Petitioner exited the vehicle, Lieutenant Dupuy saw an open Budweiser can on the driver's-side floorboard of Petitioner's car and a mop bucket holding a two-liter Sprite bottle on the passenger's-side floorboard.[11] The bottle contained a clear liquid, which officers later discovered smelled of gasoline. Additionally, officers found and seized a lighter from the car.[12] After learning that smoke was emanating from the back of 826 Gause Boulevard, Lieutenant Dupuy immediately arrested Petitioner. [13]

Prior to trial, Petitioner filed a motion to suppress the evidence seized from his vehicle on the grounds that the search of his vehicle "was conducted without the authority of a valid search warrant."[14] After the hearing on Petitioner's motion to suppress, the trial court concluded that the evidence found in

---

[9] Facts were taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal on direct appeal. *State v. Duperon*, No. 2012-KA-0810, 2012 WL 6681847, at *1-2 (La. App. 1 Cir. 12/21/12); St. Rec. Vol. 3 of 3, 1st Cir. Opinion, 2012 KA 0810, 12/21/12.
[10] *Duperon*, 2012 WL 6681847, at *1.
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*, at *3.

Petitioner's vehicle was seized incident to arrest and was not subject to suppression.[15]

After a jury trial that began on February 13, 2012, Petitioner was found guilty of aggravated arson.[16] The trial court denied Petitioner's motions for a new trial and for post-verdict judgment of acquittal at a hearing held February 23, 2012.[17] After Petitioner waived legal delays, the court sentenced him to serve eighteen (18) years in prison at hard labor, with the first two years to be served without the benefit of parole, probation, or suspension of sentence.[18] Petitioner's motion to reconsider the sentence was also denied by that court.[19]

On direct appeal, in his first assignment of error, Petitioner's appointed counsel argued that the trial court erred in denying the motion to suppress the evidence seized from the warrantless search of Petitioner's vehicle, arguing the officers lacked reasonable suspicion for the traffic stop.[20] Similarly, in his second assignment of error, Petitioner argued that the trial court erred in denying the motion to suppress where the officer

---

[15] *Duperon*, 2012 WL 6681847, at *1.
[16] St. Rec. Vol. 1 of 3, Trial Minutes, 2/13/12; Trial Minutes, 2/14/12; Jury Verdict, 2/14/12; Trial Transcript, 2/13-14/12; St. Rec. Vol. 2 of 3, Trial Transcript (continued), 2/13-14/12.
[17] St. Rec. Vol. 2 of 3, Sentencing Minutes, 2/23/12; Motion for New Trial, 2/16/12; Motion for Post-Verdict Judgment of Acquittal, 2/16/12.
[18] St. Rec. Vol. 4 of 12, Sentencing Minutes, 2/23/12; St. Rec. Vol. 2 of 3, Sentencing Transcript, 2/23/12.
[19] St. Rec. Vol. 1 of 3, Motion to Reconsider Sentence, 2/23/12; Trial Court Order, 3/12/12; Sentencing Minutes, 2/23/12.
[20] *Duperon*, 2012 WL 6681847, at 2; St. Rec. Vol. 3 of 3, 1st Cir. Opinion, 2012 KA 0810, p. 4, 12/21/12.

did not corroborate the tip before making the traffic stop.[21] Finally, in his third assignment of error, Petitioner argued that the evidence was insufficient to support the verdict.[22] On December 21, 2012, the Louisiana First Circuit Court of Appeal affirmed Petitioner's conviction and sentence, finding the motions to suppress to be procedurally barred from review under La. Code Crim. Proc. arts. 703(F) and 841, and finding no merit in the insufficient evidence claim.[23] Thirty days later, Petitioner's conviction and sentence became final because he did not file for rehearing or seek review in the Louisiana Supreme Court. [24]

Subsequently, Petitioner submitted an application for post-conviction relief to the original trial court, in which he raised the following grounds for relief: (1) "ineffective assistance of counsel at trial for failure to adequately represent the petitioner;" (2) "ineffective assistance of appellate counsel for failure to adequately represent the

---

[21] *Duperon,* 2012 WL 6681847 at *2-3; St. Rec. Vol. 3 of 3, 1st Cir. Opinion, 2012 KA 0810, pp. 4, 6, 12/21/12.
[22] *Id.,* at 3.
[23] *Id.,* at 3, 5; St. Rec. Vol. 3 of 3, 1st Cir. Opinion, 2012 KA 0810, pp. 4, 6, 12/21/12.
[24] Day thirty (30) was Sunday, January 20, 2013. The next day, Monday, January 21, 2013, was Martin Luther King Day, a federal and state holiday. The deadline therefore fell to the next business day, Tuesday, January 22, 2013. *See* La. Code Crim. Proc. art. 13 (weekends and holidays not included in calculation when it would be the last day of the period); *see also Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008)(citing *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003)) (holding appeal is final when the state defendant does not timely proceed to the next available step in an appeal process).

petitioner;" and (3) failure by clerk of court to deliver transcripts to appellate counsel to file Petitioner's brief. [25]

The trial court denied the application after receiving a response from the State, finding the first issue to be conclusory, the second to be factually incorrect, and the third not appropriate for post-conviction review.[26] Petitioner did not seek further review of this ruling.

On March 28, 2014, Petitioner filed the instant petition for habeas corpus relief in which he alleges that the state courts' denial of relief was contrary to federal law on the following four claims: (1) investigation of the issues discussed in his *pro se* brief on appeal would have revealed a different outcome at trial; (2) "ineffective assistance of counsel at trial for failure to adequately represent the petitioner;" (3) "ineffective assistance of appellate counsel for failure to adequately represent the petitioner;" and (4) the clerk of court failed to deliver transcripts to appellate counsel to file Petitioner's brief. [27]

The State responded, conceding that Petitioner's application was timely, but urging that Petitioner failed to exhaust state court remedies as to all of the claims raised in

---

[25] St. Rec. Vol. 3 of 3, Uniform Application for Post-Conviction Relief, 7/9/13 (dated 6/25/13).
[26] St. Rec. Vol. 3 of 3, Reasons for Judgment, 8/14/13; Trial Court Judgment, 8/14/13.
[27] Rec. Doc. No. 3.

his petition.[28] Alternatively, the State argued that the issues raised are without merit.[29] Petitioner replied, asking the Court to consider his *pro se* status, his incarceration and limited access to legal materials, and his medical conditions, as grounds for excusing his failure to exhaust his state remedies.[30]

Law and Analysis:

I. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") determines this Court's review of a § 2254 petition.[31] On habeas review under the AEDPA, the threshold questions are whether the petition is timely filed, and whether the claim raised by the petitioner was adjudicated on the merits in state court, *i.e.,* whether the petitioner has exhausted state court remedies and is not in "procedural default" on a claim.[32]

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to

---

[28] Rec. Doc. Nos. 9, 10.
[29] Rec. Doc. No. 10.
[30] Rec. Doc. No. 11.
[31] The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998)(citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not identify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes are effective at the moment they are signed into law. *United States v. Sherrod*, 946 F.2d 1501, 1505 n. 11 (5th Cir. 1992).
[32] *Nobles v. Johnson*, 127 F.3d 409, 419-20(5th Cir. 1997)(citing 28 U.S.C. § 2254 (b)(c)).

requesting federal collateral relief."[33] "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."[34]

For a federal habeas claim to satisfy the well-established test for exhaustion, the substance of the claim must be fairly presented to the highest state court.[35] "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established review process."[36] In order to satisfy the "fairly presented" requirement, "a federal court claim must be the 'substantial equivalent' of one presented to the state courts."[37] "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application."[38]

Additionally, for purposes of exhaustion, it is not sufficient for a petitioner to have raised the claims in the lower state courts if the claims were not also raised in the state's highest court.[39] Moreover, a claim is not fairly

---

[33] *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998)(citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Preisier v. Rodriguez*, 411 U.S. 475, 500 (1973); *Nobles*, 127 F.3d at 419.
[34] *Whitehead*, 157 F.3d at 387 (citing *Rose*, 455 U.S. 519-20; 28 U.S.C. § 2254(b)(1)(A)).
[35] *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).
[36] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).
[37] *Whitehead*, 157 F.3d at 387 (citing *Picard,* 404 U.S. at 275-78).
[38] *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420); *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001).
[39] *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

presented to the state's highest court if that court must read beyond the petition or brief to locate a claim not otherwise clearly raised.[40]

Portions of a magistrate's report and recommendation that are objected to are reviewed de novo.[41] Magistrate Judge Roby's Report and Recommendation concluded that Petitioner failed to exhaust his state remedies related to the claims in his habeas petition.[42] Because Petitioner has objected to the Magistrate Judge's Report and Recommendation, this Court reviews his claim de novo.

II. Analysis

Exhaustion Doctrine

In his first claim, Petitioner alleges that investigation into the issues discussed in his *pro se* brief on appeal and in his post-conviction application would have revealed a different outcome at trial. The record reflects, and the Magistrate Judge found, that Petitioner did not raise this claim to any of the state courts on direct appeal or on post-conviction review.[43] Furthermore, the record reveals, and Petitioner concedes, that the claims Petitioner did raise on direct appeal were not raised above the state trial court level.[44] Because exhaustion requires

---

[40] *Baldwin*, 541 U.S. at 32.
[41] Fed. R. Civ. P. 72(3).
[42] Rec. Doc. No. 12.
[43] *Id*.
[44] Rec. Doc. No. 3.

Petitioner to raise any claim he would submit for collateral review here to the state's highest court, he has failed to exhaust his state court remedies. In the absence of an applicable exception, non-exhaustion is dispositive as to all of Petitioner's claims.

In his objections to the Magistrate Judge's Report and Recommendation, Petitioner concedes his failure to exhaust state remedies, but prays that the Court will excuse this failure and nevertheless review the petition in light of: (1) his *pro se* status; (2) his limited legal resources while incarcerated; and (3) his medical conditions that required hospitalization during the time he was preparing his application, which he alleges further limited his ability to properly prepare his application.[45] A federal habeas petitioner's failure to exhaust state remedies may only be excused if he can show "good cause" for his procedural default.[46]

The Magistrate Judge found no good cause in the record that would excuse Petitioner for his failure to fully exhaust state remedies.[47] Additionally, inmates do not have a general right to

---

[45] Rec. Doc. No. 13.
[46] *See Glover v. Cains*, 128 F.3d 901, 902 (5th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)); *see also Amos v. Scott*, 61 F.3d 333, 338–39 (5th Cir. 1995).
[47] *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005) (stating that a stay and abeyance is only appropriate in limited circumstances where the petitioner is able to show good cause).

assistance of counsel in state post-conviction proceedings.[48] Therefore, neither Petitioner's *pro se* status nor his limited ability to prepare his habeas application while incarcerated due to a general lack of legal resources would excuse his failure to exhaust.[49]

As to Petitioner's contention that a medical condition hindered his ability to conduct research, good cause turns on whether the petitioner can provide a "reasonable excuse supported by sufficient evidence" to justify his failure to exhaust.[50] Therefore, Petitioner's unsupported claim that he was hospitalized at some point during the preparation of his application will not excuse his failure here.[51]

<u>Conclusion</u>

Because Petitioner is in procedural default for failing to exhaust his state court remedies without good cause, the Magistrate's Report and Recommendation is **ADOPTED** as to claims

---

[48] *See Coleman,* 501 U.S. at 757; *see also Newton v. Quarterman*, 272 F.App'x 324 (5th Cir. 2008).
[49] *Josselyn v. Dennehy*, 475 F.3d 1, 5 (1st Cir. 2007)(finding ignorance of the law does not constitute "good cause" for failure to exhaust).
[50] *See Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014)(finding a "bald assertion" will not excuse a petitioner's failure to exhaust); *see also Pace v. DiGugliemo*, 504 U.S. 408, 416 (2005).
[51] *Cf. Roberts v. Norris*, 526 F.Supp2d 926 (E.D. Ark. 2007) (finding good cause for Petitioner's failure to exhaust state remedies when he was suffering from a brain injury at the time of waiver of right to direct appeal and right to seek post-conviction relief); *see also Lombardi v. Scully*, No. CV-87-3249, 1988 WL 52218, at *2 (E.D.N.Y. May 11, 1988)(exhaustion requirement not waived when Petitioner alleged transcripts and papers requested for his appeal were taken from him while he was hospitalized).

1, 2, 3, and 4. Therefore, the petition for issuance of a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 13th day of August, 2015.


_____
UNITED STATES DISTRICT JUDGE